NASON CHAFFEE *v.* RICHMOND HOOPER & OTHERS.

*Sheriff's Bond. Sureties. Judgment for more than the* Ad Damnum. *Witness. R. L., s.* 1002.

1. The County Court rendered judgment for more than the *ad damnum* in the writ; but such a judgment, though erroneous, is not void; and the error is not a bar to an action brought against the sureties on the bond of a deputy sheriff who failed to perform his duty in serving a writ.
2. An action brought by the sheriff against the sureties on the bond of his deputy who has deceased, is not premature, though the claim had not been presented against the deputy's estate, and no judgment rendered against the plaintiff, who, being liable for his deputy's default, paid without suit.

33

3. In an action brought by the sheriff against the sureties on his deputy's bond for his default in not properly making an attachment, the attaching creditor, though the deputy is dead, is a witness for the sheriff in this action to prove that he refused to allow the deputy to take a certain person as receiptor. It is collateral to the cause of action in issue and on trial. *

4. The sheriff's right to recover is not affected by the fact that when he paid for his deputy's neglect, he took a bond back conditioned for repayment in the event that it should turn out that there was no legal default, as against the plaintiff.

HEARD by the court, April Term, 1881, POWERS, J., presiding. Judgment for the plaintiff.

Debt on bond given by A. Dwinell as principal, Geo. L. Waterman, E. B. Sawyer, Richmond Hooper, Robert C. Barnes, E. L. Whitney, E. Douglass and Eli Jewett as sureties to the plaintiff, dated December 1, 1875, to idemnify the plaintiff, who was then sheriff of Lamoille County, against any default, misfeasance, or malfeasance of said Dwinell, as his deputy sheriff.

Plea, *non est factum*, as to one defendant, and that the said Dwinell took the receipt of S. W. Wiggins, of Ashland, Mass., who was then responsible, for the property attached by the direction of A. C. Fletcher, the attaching creditor, or of his counsel, and also notice of special matter of defence.

It was conceded that the property attached on the writ in favor of Fletcher was sufficient in value to pay the execution in his favor. The other facts are stated in the opinion.

*M. O. Heath* and *Brigham & Waterman*, for the defendants.

This suit is premature, no claim having been presented against the estate of Dwinell.   46 Vt. 60.

The case shows that judgment in original suit, *Fletcher* v. *Hogan & Co.*, was taken for $19.34 above the *ad damnum* in the writ. This was erroneous and cannot now be cured, and is consequently fatal to this suit.   *Brown* v. *Smith*, 24 Ill. 196; *Smith* v. *Phelps*, 7 Wis. 211; *Pope* v. *Salsman*, 35 Mo. 362; *Altes* v. *Hinckles*, 36 Ill. 275; Roberts' Dig., 416, sec. 11.

Fletcher was not a competent witness, Dwinell the other party to the matter in issue or cause of action being dead.   Acts of 1876, No. 83.   *Davis* v. *Windsor Savings Bank*, 48 Vt. 532; *Hollister* v. *Young*, 42 Vt. 403; *Merrill* v. *Pinney*, 43 Vt. 605.

* See *Ins. Co.* v. *Wells*, 53 Vt. 14.—REP.

*P. K. Gleed*, for the plaintiff.

The judgment was not void, though the damages exceed the *ad damnum*. Brayt. 72.

But error, if the court has jurisdiction, does not render the judgment void. *Hammond & Draper* v. *Wilder & Lock*, 25 Vt. 342. The *ad damnum* is only one clause of the declaration, and is always subject to amendment. *Harris* v. *Bellin*, 48 Vt. 478.

The opinion of the court was delivered by

VEAZEY, J. This is an action of debt against the defendants as principal and sureties upon a deputy sheriff's bond. The deputy, Dwinell, had taken a receiptor for goods attached in a suit in favor of one Fletcher, but without his consent. The *ad damnum* in the writ was $400. The judgment rendered was over $400. The plaintiff, who was the sheriff, paid this judgment, and brought this suit upon the bond of his deputy.

I. The defendants in this suit now claim that the plaintiff cannot recover, for the reason that the judgment in the Fletcher suit was void, being for more than the *ad damnum* in the writ. It was error to render a judgment for more than the *ad damnum*; but the judgment was not void. It was an error which the judgment debtor might waive, and which the defendants in this collateral suit cannot make available. It is well settled that where courts have jurisdiction of a cause, their judgments, however erroneous, are valid until reversed or set aside. *Hammond & Draper* v. *Wilder & Locke*, 25 Vt. 342; *Bruce* v. *Cloutman*, 45 N. H. 37. In Freeman on Judgments, section 116, the author puts the proposition in the negative form, that the judgment of a court of general jurisdiction is not void, except where the court has no jurisdiction. See also *Huff* v. *Hutchinson*, 14 How. U. S. 586.

II. It is claimed that this suit is prematurely brought, because Dwinell is dead, and no claim has been allowed against his estate, and no judgment rendered against the plaintiff.

There are no statutory provisions regulating proceedings on a deputy's bond to the sheriff, as there are in respect to the sheriff's

official bond. The sheriff may take a bond or not from his deputy in his discretion. Gen. Sts. s. 6, p. 86. If he does, it is but a contract between them as individuals in the form adopted, and proceedings thereon for breach stand the same as in ordinary cases. This suit was not prematurely brought on the grounds claimed.

III. Was Fletcher competent to testify to the fact that the deputy Dwinell sought his consent to take Wiggins as receiptor, and that he refused? He is not a party " to the contract or cause of action in issue and on trial." The transaction to which he testified was another matter between him and Dwinell, bearing upon the cause of action on trial, but only collaterally. When the fact is but incidental and collateral to the contract or cause of action in issue and on trial, this court has repeatedly held that the disqualifying proviso to section 24, chapter 36, General Statutes, does not apply. *Cole* v. *Shurtleff*, 41 Vt. 311 ; *Morse* v. *Low*, 44 Vt. 561. Moreover, this court decided in *Lytle* v. *Bond's Estate*, 40 Vt. 618, that the limitation or exception in the *proviso* in case of the death or insanity of one of the parties, applies only to *parties ;* it does not exclude persons interested in the event of the suit, " unless they are parties to the contract or cause of action in issue and on trial." The witness being competent and the testimony admissible, the County Court was warranted in finding as it did that Dwinell called upon Waterman to advise him as his, Dwinell's, attorney, and not to advise him as the attorney of Fletcher.

IV. The fact that the plaintiff when he paid the Fletcher execution took a bond back, conditioned for repayment in the event that it should turn out that there was no legal default as against the plaintiff, does not affect his right of recovery. He in fact paid the execution, and there being a question as to his being obliged to pay it, he but exercised a right by taking security. No person's rights were concluded or affected by his act. He must either pay or be subject to a suit. It now appears he was liable, and in paying acted wisely.

The *pro forma* judgment of the County Court is affirmed.