STROMBERG vs. ESTERLY and another.

*March 6 — March 31, 1885.*

*Justices' courts: Docket entries: Adjournments.*

1. Where by agreement of the parties a cause in justice's court is adjourned to a certain day, the failure of the justice, in entering such adjournment in his docket, to state the *year*, will not deprive him of jurisdiction, for the current year will be understood to have been intended.

2. An affidavit by the plaintiff's attorney, stating that before the day fixed for the trial the defendants' attorney had informed him that the defendants would not be able to try the case then because of the illness of the wife of one of them; that the attorneys thereupon mutually agreed that on the trial day they would appear and consent to an adjournment; that, relying upon such agreement, the affiant had written to the plaintiff not to be present or to subpœna witnesses on that day; that the defendants' attorney had failed to appear and consent to an adjournment as agreed; and that the plaintiff could not safely proceed to trial without certain material witnesses whose attendance could not then be procured but could be had on a later day, to which an adjournment is asked — is *held* sufficient under sec. 3631, R. S.

APPEAL from the Circuit Court for *Walworth* County. On the 23d of April, 1883, this cause being then pending in justice's court, the parties appeared by their attorneys, issue was joined, and the cause was adjourned, the following entry of such adjournment being made by the justice in his docket, under date April 23, 1883:

"By agreement of parties case adjourned to the 30th day of April, 9 A. M., at my office in said town of Whitewater."

On April 30, 1883, the case was called and the plaintiff, by his attorney, obtained an adjournment until May 7, on account of the absence of material witnesses. The affidavit upon which the application for such second adjournment was based, was as follows:

"Samuel Bishop being duly sworn deposes and says that he is the attorney for the plaintiff in the above entitled

Stromberg vs. Esterly and another.

cause, and makes this affidavit on his behalf; that the plaintiff cannot safely proceed to the trial of this action for the want of two material witnesses, namely, the plaintiff and J. Stromberg, who resides at Stoughton, Wis. That Page & Cass, who reside at Whitewater, are the attorneys for the defendants, and one of them was present advising Mr. Donnelly when he appeared for defendants in this action. That the reason why said witnesses cannot be present on this 30th of April, 1883, is that on the 25th day of that month J. H. Page, of the firm of said Page & Cass, who are attorneys for the defendants, came to deponent and said that the wife of defendant *Geo. Esterly* was very sick and they would not be able to try the case until she was better or expired, and it was then mutually agreed between deponent and said Page as attorney for defendants that on the adjourned day of the case, to wit the 30th of April, 1883, they would appear and consent that the case be adjourned to some day when the defendants could be present and try the case. And deponent then informed said Page that he would write the plaintiff of the proposed adjournment and that he need not come to the trial or subpoena the said witnesses for the 30th of April, and deponent did so write the plaintiff; and that now on this 30th day of April, 1883, on the call of the case, said Page has failed to appear and consent to such adjournment as agreed upon; that this deponent relied upon the statements of said Page in the matter and cannot procure the attendance of said parties in time to try the case at the hour of adjournment, and asks that the case be adjourned to the 7th of May, 1883, at which time the said witness can be present upon the trial of the cause.

" SAMUEL BISHOP."

On May 7, 1883, the plaintiff appeared and gave evidence of his claim, upon which the justice rendered judgment in his favor. On *certiorari* the circuit court affirmed that judgment, and the defendants thereupon appealed to this court.

The cause was submitted for the appellants on the brief of *Page & Cass*, and for the respondent on that of *Bishop & Cravath*.

ORTON, J.   On *certiorari* in the circuit court it appeared from the docket of the justice that both parties in the action appeared on the 23d day of April, 1883, and by agreement of the parties the case was adjourned to the 30th day of April, without stating the year in the docket.

1. It is contended that the justice lost jurisdiction by this failure to enter in his docket such year. If the parties agreed upon an adjournment, they must have understood the year as being the same as that of the 23d day of April, 1883, and the defendant, who makes it, does not say in his affidavit upon which he procured the writ that it was not so agreed and understood, but contents himself by saying that it appears from the docket entries that the year is not stated, and that he has no means of ascertaining *from such entries* to what time the case was adjourned. This is evasive. It is perfectly clear that the defendants did agree upon the time, and knew to what day the case had been adjourned. But the entry itself is sufficient to apprise any one of the exact time. On the 23d day of April, 1883, the parties appeared, and the case is adjourned by agreement of the parties "to the 30th day of April, at 9 A. M., at my office," etc. The current year would be understood as the year, by any one who wished to know, and especially by the parties who had agreed upon the exact time.

2. As to the subsequent adjournment until the 7th day of May, 1883, the affidavit of the attorney of the plaintiff presented sufficient grounds for it, within sec. 3631, R. S.

*By the Court.*— The judgment of the circuit court is affirmed.