PATTEN, Respondent, vs. THE NORTHWESTERN LUMBER COMPANY, imp., Appellant.

*December 6 — December 22, 1888.*

*Liens: Logs and timber: Supplies: Place of furnishing.*

Under sec. 1, ch. 469, Laws of 1885, a lien is given where supplies are furnished to be used, and are in fact used, in the cutting. etc., of logs in any of the counties named; and the residence of the person furnishing the supplies, or the place where they are delivered to the person who uses them, is wholly immaterial.

APPEAL from the Circuit Court for *Taylor* County. The case is stated in the opinion.

For the appellant there was a brief by *Griffin & Walmsley*, and oral argument by *H. B. Walmsley*. They contended, *inter alia*, (1) that the statute under which this lien claim is to be enforced is unconstitutional and void for failure to make any sufficient provision for the protection of the owner of the logs, giving him reasonable notice of the proceedings and opportunity to be heard. *Reilly v. Stephenson*, 62 Mich. 509; Jones on Liens, sec. 723. (2) The supplies in this case were furnished in Chippewa county and not in Taylor county, and therefore there is no lien, notwithstanding they were used in Taylor county and the cutting, etc., of the timber was done in that county.

For the respondent there was a brief by *Stafford & Connor*, and oral argument by *T. J. Connor*.

TAYLOR, J.   This action was brought by the respondent to recover for the value of certain supplies sold to E. S. Craig, to be used by him, and which were used by him, in cutting, felling, hauling, and putting in the river a quantity of logs in the county of Taylor, in this state.   In said action the logs so put in by said Craig, and in the cutting, hauling, and putting in of which said supplies were used, were attached, and the plaintiff claims a lien upon such logs for the amount of the supplies so furnished and used. The logs are properly described in the complaint.   The appellant was made a defendant in the action, and claims to be the owner of the logs in question.   The case was tried upon a stipulation admitting certain facts, and judgment was rendered in favor of the respondent, and his claim was declared a lien upon the logs in question, and the court directed them to be sold to satisfy the respondent's demand.

There is no dispute upon the facts in the case.   It is admitted that the respondent sold the supplies in question to the said Craig for the purpose of being used in putting in said logs, and that they were in fact so used by him.   There is no dispute as to the value of the supplies so sold and used, nor is there any dispute upon the question as to whether the goods sold by respondent to Craig, and used by him in getting out said logs, were "supplies" within the meaning of sec. 1, ch. 469, Laws of 1885.   It is admitted that the cutting, hauling, and banking of the logs in question was all done in Taylor county, and that such supplies were used in said county in doing such work.   It is also undisputed that the plaintiff sold and delivered such supplies to said Craig in the county of Chippewa, and not in the county of Taylor, and that the respondent resided and

had his place of busines in Chippewa county at the time of such sale. It is also admitted that if the plaintiff was entitled to a lien upon the logs in question for the value of the supplies so sold to Craig, he had complied with the statute in filing the proper claim for a lien.

The contention of the learned counsel for the appellant is that the court erred in holding that the plaintiff had a lien upon the logs for the value of said supplies. The point made and urged upon this court by the able argument of the learned counsel is that the statute only gives a lien when the supplies are sold and delivered to the person using them within the county in which they are used in getting out the logs, and, as it is admitted that these supplies were sold and delivered to Craig in the county of Chippewa, the plaintiff is not entitled to a lien under the statute.

In view of statutes of this state, passed from time to time, upon the subject of liens for supplies sold and furnished for getting out logs, timber, and other products of the forests in certain counties in this state, we are clearly of the opinion that ch. 469, Laws of 1885, under which the claim for lien in this case is made, should not receive the construction contended for by the learned counsel for the appellant. We think it is very clear that the lien is given to the person furnishing supplies for getting out logs, etc., in certain counties, upon the theory that as the supplies furnished and used by the men and teams in getting out the logs entered into and enhanced the value of the timber converted into logs by their use, it is equitable that the owner of the logs should see to it that the persons employed by them for getting out such logs should pay for them, and if he does not then the logs themselves should be charged with their payment; and that the residence of the party furnishing the supplies, or the place where they were delivered to the person or persons using them, was not in-

tended by the legislature to be material in determining the question whether the party furnishing such supplies should have a lien.     The legislature must be presumed to have intended to legislate for the benefit of all persons in the state, unless the act itself clearly shows that there was an intention to limit the benefits of the legislation to a particular class of persons, or to those residing and doing business in a particular locality.

It is admitted by the learned counsel for the appellant that under the statutes upon this subject enacted previously to ch. 469, Laws of 1885, the lien for supplies was not limited to persons selling and delivering the supplies within the county in which they were used, and that the seller might have his lien under the previous acts of the legislature, if he proved that they were sold to be used, and were in fact used, in getting out logs, etc., in any one of the counties designated in the acts.     The acts of the legislature upon this subject will be found as ch. 215, Laws of 1860; ch. 186, Laws of 1861; ch. 154, Laws of 1862; ch. 517, Laws of 1865; ch. 66, Laws of 1866; ch. 100, Laws of 1867 (the last chapter is the first act in this state giving a lien for supplies); ch. 120, Laws of 1870; ch. 139, Laws of 1873; ch. 267, Laws of 1874; ch. 372, Laws of 1876; ch. 95, Laws of 1877; sec. 3329, R. S. 1878; ch. 167, Laws of 1879; ch. 62, Laws of 1880; ch. 330, Laws of 1881; ch. 273, Laws of 1882; ch. 319, Laws of 1882; ch. 469, Laws of 1885; ch. 530, Laws of 1887.     It will be seen by examination of the above statutes that at first, and down to ch. 100, Laws of 1867, the lien was confined to labor and services performed in getting out logs, etc.     In 1867, ch. 100 extended the lien to "supplies furnished," and this lien for supplies existed down to the enactment of ch. 330, Laws of 1881, which abolished the lien for "supplies," and extended the lien for labor and services to all the counties in the state.     Previous to the enactment of ch. 330, Laws of 1881, the lien

upon logs and lumber, both for labor and supplies, had been limited to a few counties in the state. This law of 1881, which abolished the lien for supplies and extended the lien for labor and services to all the counties in the state, remained the law until the enactment of ch. 469, Laws' of 1885, which retained the lien for labor and services in getting out logs and timber in all the counties of the state, and revived the lien for supplies furnished for that purpose in certain counties specified; Taylor being one of the counties specified in which a lien for supplies should exist.

The learned counsel claims that because the language used in the old statutes giving the lien for supplies as well as for labor and services, viz., "any person furnishing labor, services, or supplies in the counties [naming them] shall have a lien," etc., is changed by naming the counties first, there is a change of meaning. We cannot think the legislature could have intended so radical a change of meaning by a mere change of the location of the names of the counties. We can see no real difference in the meaning of the language in the two sentences: "Any person furnishing supplies in cutting, hauling, . . . in the counties of Taylor, . . . shall have a lien," etc., and "In the counties of Taylor, . . . any person furnishing supplies in cutting, hauling, . . . shall have a lien," etc. There is a sufficient reason for the change of the phraseology in the new law of 1885. In the first section of the act the legislature retained the general lien for labor and services in all the counties as enacted in ch. 330, Laws of 1881, and restored the lien for supplies in a few counties named. In all the acts down to 1881, the lien was limited for all purposes to a few counties named. In the act of 1885, the general lien was provided for, as well as the limited lien, and this may well account for the change of phraseology, without any intent to change the rule of law as stated in the previous acts.

If the language used in sec. 1, ch. 469, Laws of 1885, is susceptible of the construction put upon it by the learned

counsel for the appellant, it is also clearly susceptible of the construction contended for by the counsel for the respondent; and as the latter construction is in accord with the previous legislation. upon the same subject, as well as in accord with just and equal legislation, we are of the opinion that the learned circuit judge was right in holding that the supplies were furnished by the respondent in the county of Taylor, within the meaning of the statute. What is material under the act is that the supplies are furnished to be used, and are in fact used, in cutting, felling, hauling, etc., logs in Taylor county; and the residence of the person furnishing the supplies, or the place where they are delivered to the person who uses them, is wholly immaterial. This construction of the statute seems to be in accord with the construction given to acts of a similar character by the courts of other states. *Gaty v. Casey,* 15 Ill. 189, 192; *Great Western Mfg. Co. v. Hunter,* 14 Neb. 452; *Atkins v. Little,* 17 Minn. 342, 356–7; *Greenwood v. Tennessee Mfg. Co.* 2 Swan, 130.

*By the Court.*— The judgment of the circuit court is affirmed.