JOHNSON and others, Respondents, vs. IRON BELT MINING COMPANY and others, Appellants.

*November 8 — November 25, 1890.*

*(1, 2) Liens: Logs and timber: Judgment: Collateral attack. (3) Justices' courts: Entry of adjournment. (4) Execution sale: Void and valid judgments. (5) Levy on timber. (6) Bona fide purchaser: Notice of lien: Court and jury.*

1. Although the judgment for a lien upon logs and timber included not only the amount due for labor thereon but also the amount due for supplies furnished in a county to which the statute giving the lien for supplies did not apply, yet the judgment could not be attacked collaterally on that ground. Nor could it be attacked collaterally on the ground that the amount adjudged to be due for labor was excessive.

2. The lien of a laborer who has worked with several others upon logs which are mixed together is not limited to the identical logs upon which he so worked, but may be enforced against any portion of the lot of logs upon which he and the others worked.

3. An entry in a justice's docket was as follows: "Defendant appeared personally and asked for an adjournment of one week, until the 27th day of April, at 1 o'clock P. M., at this my office in the town of Ashland, Ashland county, Wis." Nothing further was done until April 27. *Held*, that an adjournment could be fairly implied from the entry, and it was therefore sufficient under subd. 5, sec. 3574, R. S.

4. A sale under executions issued upon several judgments passes a good title if one of such judgments is valid, even though the others are void.

5. In making a levy upon certain hemlock mining timbers the officer did not remove them from where they were piled, but forbade the defendants to use or interfere with them, and thereafter until

the sale was present nearly every day where the timbers were located, and twice stopped the defendants from taking any timber from the pile. *Held,* that the levy was sufficient.

6. The question being whether defendants were *bona fide* purchasers of certain timber without notice of the claims of the plaintiffs for unpaid labor thereon, evidence that before paying for the timber the defendants were told by a third person that the vendor had not paid the men who worked thereon, though the names of such men were not stated, is *held* sufficient to take the case to the jury.

APPEAL from the Circuit Court for *Ashland* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an action to recover the value of 270 sets of hemlock mining timber of which the plaintiffs claim to have been the owners under and by virtue of four several lien judgments in justice's court, taken and entered April 27, 1889, against one Samuel Garrett, and each and all commenced by attachments and seizure thereon, April 11, 1889; one in favor of the plaintiff *Louis Johnson* for $183.45 damages and $57.50 costs; another in favor of the plaintiff *Christ. Johnson* for $162.63 damages and costs; another in favor of the plaintiff *Chris. Larsen* for $153.57 damages and costs; and another in favor of the plaintiff *Michael Maher* for $86.50 damages and costs,— together with the petitions for liens, executions, and sale to the plaintiffs, May 20, 1889, in said cases respectively. The answer was a general denial. The defendants claim that the property was sold and delivered to them by said Garrett in the forepart of March, and prior to March 11, 1889, and that they paid for the same April 3, 1889. At the close of the trial the jury returned a verdict in favor of the plaintiffs and against the defendants for $1,215. From the judgment entered thereon the defendants appeal.

For the appellants there was a brief by *McNeel & Bushnell,* and oral argument by *T. H. Bushnell.*

For the respondents there was a brief by *Sleight & Foster,* and oral argument by *Richard Sleight.*

CASSODAY, J. It appears from the face of the judgment in favor of *Louis Johnson* that $59.05 was for labor and services rendered, and $124.40 for supplies furnished in Ashland county. It is conceded that the statute authorizing liens for supplies furnished did not, at the time, extend to Ashland county. Sec. 1, ch. 469, Laws of 1885. *Patten v. Northwestern L. Co.* 73 Wis. 233. This being so, that judgment was manifestly irregular and might have been reduced on appeal; but that did not prevent the justice from taking jurisdiction and rendering a judgment for a lien for the amount of the labor and services. The court having jurisdiction as to a part of the claim, the judgment cannot be regarded as a nullity, nor attacked collaterally. 12 Am. & Eng. Ency. of Law, 147q, note 8, and cases there cited; *Blair v. Wolf,* 72 Iowa, 246; *Allen v. Ray,* 96 Mo. 542; *Rogers v. Stokes,* 87 Tenn. 294; *Chaffee v. Hooper,* 54 Vt. 513. For the same reason the defendants cannot attack the judgment collaterally for the purpose of showing that the amount adjudged therein for labor and services was excessive. The same is true with respect to each of the other judgments.

As to some of the judgments, it is claimed that the labor and services were not upon the identical sets attached; but this court has held, in effect, that the statutes are to be liberally construed in the interests of the laborer, and that the lien of a laborer who has worked with several others upon logs, etc., which are mixed together, is not limited to the identical logs, etc., upon which he so worked, but may be enforced against any portion of the lot of logs, etc., upon which he and the others worked. *Jacubeck v. Hewitt,* 61 Wis. 96. Besides, it appears in the record of each of said judgments that they are each, at least in part, for labor and services rendered prior to the delivery of the sets to the defendant.

It is claimed that the *Larsen* judgment was void by rea-

son of the entry of the adjournment by the justice in these words: "April 20, 1889, . . . 1 o'clock P. M. Case called. Plaintiff appeared and filed written complaint duly verified. Defendant appeared personally and asked for an adjournment of *one week, until the 27th day of April, 1889,* at 1 o'clock P. M., at this my office in the town of Ashland, Ashland county, Wis." The justice was required by statute, among other things, to enter in that case in his docket the appearance of the respective parties and every adjournment therein, and stating at whose request and to what time and place. Subd. 3, 5, sec. 3574, R. S. The only defect in the entry complained of is the failure to expressly enter that the cause was in fact adjourned. But it appears that the defendant asked for an adjournment of one week, and he must have understood that his request was granted, as nothing further appears to have been done at the time except to make the balance of the entry indicating that nothing more would be done in the case "until" the expiration of the "one week." In *Stromberg v. Esterly,* 62 Wis. 632, there was a failure to enter the year, but it was held to be implied. We are inclined to think that such one week's adjournment can be fairly implied in the case at bar from the entry made. *Storm v. Adams,* 56 Wis. 137. But the trial court held that, even if some of the judgments were absolutely void, still, since there was at least one valid judgment upon its face, the sale under that was sufficient to give the plaintiffs a perfect title to the property in question. Such is undoubtedly the law in this state. *Herrick v. Graves,* 16 Wis. 157; *Hand v. Grant,* 10 Smedes & M. 514; *Brace v. Shaw,* 16 B. Mon. 43; *Richards v. Allen,* 3 E. D. Smith, 406; Freem. Ex'ns, § 325.

The officer levied upon and seized 270 sets. A portion of them were divided off. They were corded up in tiers. The officer levied on two piles,— one of which had 600 pieces in it. He did not separate them, as they were sufficiently sep-

arated. He forbade the defendants from using or interfering
with them; and the general manager of the defendants at
the same time stated to the officer that he proposed to use
them. The officer was present at the place where the sets
were located nearly every day from the time of the levy to
the sale, and twice stopped the defendants from taking any ·
timber from the pile. The sets so levied upon, after being
properly advertised, were sold to the plaintiffs. The levy
appears to have been sufficient. *New Richmond L. Co. v.
Rogers*, 68 Wis. 608.

There appears to have been sufficient evidence to take the
case to the jury on the question whether the defendants
were *bona fide* purchasers for value without notice, within
the rule stated in *Smith v. Shell Lake L. Co.* 68 Wis. 89.
The liens were not filed nor the property attached until
April 11, 1889. That testimony is to the effect that on the
morning of April 3, 1889, and before the defendants had
paid Garrett for the sets, the defendants were told by one
Adams that he had a claim on the logs for supplies furnished
during the winter; that Garrett was owing him quite a bill;
that Garrett had not paid the men nor him; that the men
and himself had all worked together on the timber; that he
did not not state the names of the men, but spoke of those
then working and those who had at other times during the
winter worked for Garrett on the timber; that some of
them had quit; that Garrett had given to some of the others
orders on him (Adams) for their pay. Upon this testimony
and the rules of law as stated by Mr. Justice ORTON in the
case last cited, we think the court was justified in charging
the jury to the effect that the plaintiffs could only recover
upon showing that, before the defendants had paid out their
money for this timber, they had either actual or construct-
ive notice that these plaintiffs or some of them had not been
paid for their labor on the timber, since the petitions for
such liens had not been filed at the time of such payment.

Constructive notice, as thus used, manifestly meant such as would put the defendants on inquiry, as distinguished from actual notice. It does not refer to such constructive notice as would be given by filing the petition. It was used in a similar way in the case last cited. The other exceptions to the charge have virtually been disposed of in the foregoing opinion.

*By the Court.*— The judgment of the circuit court is affirmed.