MUGGLI DENTAL STUDIO, Plaintiff-Respondent,

v.

Doctor Ted TAYLOR, Defendant-Appellant.

Court of Appeals

*No. 87–0763. Submitted on briefs November 24, 1987.—Decided December 23, 1987.*

(Also reported in 419 N.W.2d 322.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Theodore L. Taylor, Jr., DDS,* of Manitowoc, pro se.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Richard P. Mozinski* of *Radosevich, Mozinski, Mozinski & Cashman,* of Manitowoc.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. Following a court trial, a judgment was entered in favor of the Muggli Dental Studio (the studio) against Dr. Ted Taylor. An execution was then issued against Dr. Taylor's personal property and the Manitowoc County Sheriff's Department levied against such property.[1] This appeal relates to the sufficiency of the levy by the sheriff and

---

[1]An earlier execution had been returned unsatisfied.

whether the levy operated to create a priority lien in favor of the studio. The trial court ruled against Dr. Taylor on these questions. Dr. Taylor appeals pro se. We reject Dr. Taylor's arguments and affirm the trial court's post-judgment order.

Dr. Taylor first contends that the levy was ineffective to accomplish a seizure of his property. He cites sec. 815.19, Stats., which provides in part that "[p]ersonal property shall be bound from the time it is seized." In *Brown v. Pratt,* 4 Wis. 513 (1855), the supreme court held that a levy upon personal property is not valid unless the officer has the property in his view and under his control. *Id.* at 519. However, the effectiveness of a levy will not be defeated by failing to remove the property from the site of the execution. *See Johnson v. Iron Belt Mining Co.,* 78 Wis. 159, 162–63, 47 N.W. 363, 364 (1890).

Testimony at the post-judgment proceeding established that sheriff's deputy Edward Stuhr went through a checklist to assure himself that the items to be levied upon were, in fact, present. Officer Stuhr then informed Dr. Taylor that the items should be considered as tagged and seized and were not to be disposed of in any manner. The trial court determined that the officer's actions sufficiently exerted control over the property such that a seizure occurred.

We conclude that a determination of whether a levy is legally effective to bind the property presents this court with a mixed question of fact and law. We separate the factual findings of a trial court from the conclusions of law and apply the appropriate standard to each. *Geis v. City of Fond du Lac,* 140 Wis. 2d 205, 209, 409 N.W.2d 148, 150 (Ct. App. 1987). A trial

court's findings of fact will not be disturbed on appeal unless they are clearly erroneous. *Laribee v. Laribee,* 138 Wis. 2d 46, 54, 405 N.W.2d 679, 683 (Ct. App. 1987). However, an appellate court must decide questions of law without deference to the trial court's decision. *Cobb State Bank v. Nelson,* 141 Wis. 2d 1, 5, 413 N.W.2d 644, 645–46 (Ct. App. 1987).

■

The testimony established that Deputy Stuhr had Dr. Taylor's property in his view and under his control at the time of the alleged levy. The testimony also established that the officer informed Dr. Taylor that the property was considered seized and not subject to disposition. These findings are not clearly erroneous. *See* sec. 805.17(2), Stats.

We also conclude that these facts sufficiently establish an effective levy for purposes of sec. 815.19, Stats. Removal of the seized property from the situs of the execution is not necessary. *See Johnson,* 78 Wis. at 162–63, 47 N.W. at 364.

Dr. Taylor next alleges that the lien created in favor of Muggli by the levy does not have priority over a security interest held by Dr. Taylor's father (Taylor, Sr.). In 1982, the Citizens Lakeshore Bank obtained a security interest in Dr. Taylor's property by virtue of a financing statement filed at that time. Prior to the levy in this case, Taylor, Sr. paid this debt for Dr. Taylor. However, Taylor, Sr.'s financing statement was not filed until January 2, 1987. The levy in this case occurred on December 9, 1986.

■

When it is the intention of the parties to create a security interest, the case is governed by ch. 409, Stats. *Clark Oil and Refining Co. v. Liddicoat,* 65 Wis. 2d 612, 620, 223 N.W.2d 530, 534–35 (1974); sec.

409.102(1)(a), Stats. Chapter 409 sets out rules of priority. A lien creditor has priority over a person holding an unperfected security interest. Sec. 409.301(1)(b), Stats. To perfect a security interest in the property in question, a financing statement must be filed or the collateral must be in the possession of the secured party. Sec. 409.302, Stats.

Here, because Taylor, Sr.'s financing statement was not filed until after the levy of execution by the studio and also because Taylor, Sr. did not have the collateral in his possession, Muggli, the lien creditor, has priority over the holder of the unperfected security interest. *Clark Oil,* 65 Wis. 2d at 621, 223 N.W.2d at 535; sec. 409.301(1)(b), Stats. Taylor, Sr.'s subsequent perfection has no impact on these priority rules.

Next, Dr. Taylor alleges that the studio had actual knowledge of the security interest held by Taylor, Sr. Therefore, Dr. Taylor reasons that the studio's rights are subordinated to Taylor, Sr.'s. While Dr. Taylor cites no authority supporting his assertion, we note that *Clark Oil* contains a statement to the effect that if a lien creditor has actual knowledge of a security interest, his interest will be subordinated to the holder of the unfiled security interest. *Clark Oil,* 65 Wis. 2d at 622–23, 223 N.W.2d at 536.

This statement in *Clark Oil,* however, was based upon an earlier version of sec. 409.301(1)(b), Stats. (1971–72), which provided that an unperfected security interest is subordinate to the rights of "[a] person who becomes a lien creditor *without knowledge of the security interest* and before it is perfected." (Emphasis added.) Section 409.301(1)(b) was later amended, deleting the knowledge requirement. *See* sec. 32, ch. 215, Laws of 1973. Section 409.301(1)(b) now reads "[a]

700

person who becomes a lien creditor before the security interest is perfected." Therefore, whether the lien creditor has knowledge of the security interest is immaterial. The lien creditor has priority over an unperfected security interest. Accordingly, we affirm the order of the trial court.

*By the Court.*—Order affirmed.