# KENOSHA COUNTY, Plaintiff-Appellant-Cross Respondent,

## v.

# TOWN OF PARIS, Defendant-Respondent-Cross Appellant.†

Court of Appeals

*No. 87–2103. Argued November 1, 1988.—Decided December 7, 1988.*

(Also reported in 434 N.W.2d 801.)

---

† Petition to review denied.

---

176

On behalf of the plaintiff-appellant-cross respondent, there were briefs by *Frank Volpintesta,* corporation counsel for Kenosha county, and *Dolores A. Bomrad,* assistant corporation counsel for Kenosha county. There was oral argument by *Frank Volpintesta.*

On behalf of the defendant-respondent-cross appellant, there were briefs by *L. C. Hammond, Jr.* and *James H. Baxter, III* of *Quarles & Brady,* of Milwaukee. There was oral argument by *James Baxter.*

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   This appeal and cross-appeal concern the validity of a zoning ordinance for the Town of Paris (the town). We conclude that Kenosha county (the county) properly withdrew its approval of the town's ordinance in 1968. Further, we conclude that the various statutory and equitable defenses raised by the town are inapplicable. We therefore reverse the judgment except for the trial court's award of attorney's fees as a sanction against the county.

## FACTS AND ISSUES PRESENTED

In 1959, the county enacted a county-wide zoning plan which was not adopted or approved by the town. The town developed its own ordinance in 1968 and petitioned the county for approval. The county granted approval on February 20, 1968, but reconsidered on

March 19, 1968, and tabled the approval pending a revised county ordinance. No further action was taken.

Since 1968, the town has continued to enforce and grant variances under its ordinance. It has also amended its ordinance on numerous occasions, albeit without the county's approval.

In 1985, the county filed a declaratory judgment action to obtain a ruling on the validity of the town's ordinance. The trial court, relying on sec. 889.04, Stats., held that the county failed to act within three years of the publication of the town's ordinance, thus losing its ability to challenge the original ordinance or any amendments which were on the books longer than three years.

The county appealed and the town cross-appealed. The appeal raises the following issues: (1) whether the county lacked the authority to reconsider its approval of the town's ordinance; (2) whether sec. 889.04, Stats., bars the county from challenging the validity of the ordinance and its amendments; and (3) whether attorney's fees were properly awarded to the town when the county's attorney did not appear and was unprepared on the originally scheduled date of trial. The town's cross-appeal questions the following: (1) whether the town must submit its amendments to the county for approval; (2) whether the county's claims are barred by sec. 893.93(1)(a), Stats.; (3) whether the county waived its right to challenge the ordinance and its amendments; (4) whether the county's claim is barred by laches; and (5) whether the county's claim is barred by equitable estoppel.

All of the above issues, except the matter of attorney's fees, raise questions of statutory construction or other questions of law. Our review is therefore *de*

*novo,* and we need not give deference to the trial court's decision. *Muggli Dental Studio v. Taylor,* 142 Wis. 2d 696, 699, 419 N.W.2d 322, 323 (Ct. App. 1987).

## APPEAL

### County's Authority to Reconsider

The county argues that it has an inherent right to reconsider its decision and that it did so in accordance with its own rules. The town's position is that the statute which granted the county power to approve the town's ordinance did not give it the authority to reconsider that approval. *See* sec. 60.74(7), (8), Stats. (1967). Further, the town alleges that the county's reconsideration was improper under its own parliamentary procedure.

Section 59.01(1), Stats. (1967), states that "[e]ach county in this state is a body corporate, empowered ... to do such other acts as are necessary and proper to the exercise of the powers and privileges granted and the performance of the legal duties charged upon it." As it cannot be determined from the face of the statute whether reconsideration is a "necessary and proper" act, we look to other sources for interpretation.

The statute regarding town ordinances and their approval is also not particularly instructive. Section 60.74, Stats. (1967), reads in part:

> (7) .... Any zoning ordinance adopted by a town board and any amendment thereof under this subsection shall be subject to the approval of the county board in counties having a county zoning ordinance.
>
> (8) Town boards ... participat[ing] in a regional planning program may adopt town zoning ordinances ... provided that:

. . . .
    (b)   Such ordinance is approved by the county board in counties having a county ordinance.

Nothing in this section or the section covering county zoning procedures, sec. 59.97, Stats. (1967), sets forth any specific procedure to be followed by the county in approving town ordinances.

Turning to case law, the town cites *Jefferson County v. Timmel,* 261 Wis. 39, 51 N.W.2d 518 (1952), for the proposition that neither the county nor the town has the power to reconsider and withdraw approval of the other's zoning ordinance. (A county zoning ordinance is not effective in a town unless approved by the town board. *See* sec. 59.97(5)(c), Stats.) The county seeks to distinguish *Jefferson County* primarily on a perceived preference for county zoning over town zoning. *See M & I Marshall & Ilsley Bank v. Town of Somers,* 141 Wis. 2d 271, 281, 414 N.W.2d 824, 828 (1987).

Recognizing that there may be a current preference for county zoning, we are hesitant to apply such a preference to 1968, the date of the reconsideration in question. However, after examining *Jefferson County,* we conclude that it is easily distinguished on other facts.

In *Jefferson County,* the town originally approved the county ordinance in 1938. *Jefferson County,* 261 Wis. at 42, 51 N.W.2d at 520. Following amendments by the county board and a significant dispute over a particular landowner's use of his property, the town voted in 1951 to reject the operation of the county ordinance. *Id.* at 47, 55, 51 N.W.2d at 523, 526. It was within this factual framework that the court stated:

180

In the absence of such an expressed statutory provision permitting a town to withdraw or rescind a prior approval once given to a county zoning ordinance, it is our conclusion that neither the town nor the town board possesses such power of withdrawal or rescission, and that the attempted withdrawal or rescission ... was therefore a nullity. While it is generally true that where municipalities are granted power to enact an ordinance they possess the implied power to rescind the same, such principle is not applicable to the question here presented. Here the county board and not the town enacts the county zoning ordinance, and the approval of the town board is required only as a condition precedent to such county zoning ordinance being operative in the town.

*Id.* at 55, 51 N.W.2d at 526.

Thus, the court in *Jefferson County* was faced with a thirteen-year time lapse between approval and withdrawal of the approval, whereas the case before us involves a time period of less than one month. The town in *Jefferson County* was not seeking to reconsider its original approval but to halt the prospective operation of the county ordinance. The opinion in *Jefferson County* makes no reference to reconsideration; the focus instead is on withdrawal or rescission of a prior approval. We do not consider these terms to be synonomous. It would therefore be inappropriate for us to apply the language of *Jefferson County* to this case.

The ability of a municipal corporation to reconsider in general was briefly discussed by our supreme court:

A municipal corporation, like other legislative bodies, has a right to reconsider under parliamentary law its vote and action upon questions properly

181

pending before it, and rescind its previous action provided vested rights are not violated and such rescission is in conformity with the law applicable to the government of the body.

*Edwards Realty & Fin. Co. v. City of Superior,* 250 Wis. 472, 477, 27 N.W.2d 370, 372–73 (1947). *Edwards* does not contradict *Jefferson County* but explains it. It is doubtful that "reconsideration" thirteen years after the original act would be in conformity with a municipal body's parliamentary procedure; equally unlikely is the prospect that vested rights were not trod upon during that time.

We must now apply an *Edwards*-type analysis to the present case. First, we must determine if the county's reconsideration was in accordance with its own parliamentary procedures. Second, we look to whether any vested rights of the town or its citizens were violated by the reconsideration.

■ The county board's rule on reconsideration was as follows:

> No motion to reconsider is in order unless made by a member who cast a vote on the prevailing side of the question proposed to be reconsidered ... and such motion is made at the same session on which the original decision on that question was made or at the next session. A motion to reconsider, being put and lost, shall not be renewed; nor shall the subject be considered a second time except upon a two-thirds vote of a full board.

The parties stipulated that the motion for reconsideration was made by a proper person at the very next meeting. Therefore, the board's rule was not violated.

The town looks to Robert's Rules of Order for its argument that the county did not follow procedures. However, the county board's rule states that "Robert's Rules of Order shall govern all Board sessions *except as hereinafter set forth.*" (Emphasis added.) Because the county does set forth rules regarding motions for reconsideration, we conclude that Robert's Rules of Order are inapplicable.

We also conclude that no vested rights were violated by the reconsideration of the town's ordinance. For guidance, we have turned to *Dal Maso v. Board of County Comm'rs,* 34 A.2d 464 (Md. 1943). The Maryland court concluded, as we have, that the county board had the right to reconsider as long as the rights of third parties have not vested. *Id.* at 467. The court held that because there was no change in the status of the appellants or their property in the week between the original decision and its reconsideration, no vested rights had been disturbed. *See id.*

We likewise can find nothing in the record which indicates a change in the status of property located in the town from the time of the ordinance's approval to its reconsideration a month later. The town board acted swiftly after the initial approval to post the ordinance, install a town board of zoning appeals, and make substantial amendments to the zoning map. However, none of these actions created any vested rights or changed the status of the property and its owners. We therefore conclude that the county's reconsideration was lawful.

## Section 889.04, Stats., As a Bar

Section 889.04, Stats., has changed little since its inception. The current version reads in part:

**County and municipal ordinances.** Matter entered or recorded in any ordinance or record book ... or printed in any newspaper, book, pamphlet, or other form purporting to be so published, entered or recorded by any county, town, city or village in this state as a copy of its ordinance, bylaw, resolution or regulation, is prima facie evidence thereof; and after 3 years from the date of such publication, entry or recording such book or pamphlet shall be *conclusive proof of the regularity of the adoption and publication* of the ordinance, bylaw, resolution or regulation. [Emphasis added.]

The trial court held that sec. 889.04 applied and that the passage of three years from publication bars the county from now challenging the validity of the town's ordinance.

We disagree. We note that sec. 889.04, Stats., is contained in the chapter entitled "Documentary and Record Evidence." From this, we conclude that sec. 889.04 is designed as an evidentiary rule, not as a statute of limitations. While sec. 889.04 conclusively presumes the regularity of adoption and publication of the ordinance, it does not conclusively establish the ordinance's validity.

The town argues that the county's approval is but one step in the adoption process. Section 60.74(7) and (8), Stats. (1967), belies this. Subsection (7) provides that "[a]ny zoning ordinance adopted by a town board ... shall be subject to the approval of the county board." Subsection (8) similarly provides that town boards "may adopt town zoning ordinances ... provided that ... [s]uch ordinance is approved by the county board." Both subsections suggest that county approval is something required *in addition to* adoption.

It would be absurd to suggest that the constitutionality of an ordinance could not be challenged simply because it had been on the books for three years. We conclude that challenges to the validity of an ordinance which do not question the "regularity of the adoption and publication of the ordinance" are not barred by sec. 889.04, Stats.

### Attorney's Fees

The final issue raised by the county's appeal is the propriety of the award of attorney's fees as a sanction. The trial in this matter was originally scheduled for 9:00 a.m. on October 3, 1986. Motions for summary judgment were also pending at this time. The town attorney and six witnesses, three of whom were under subpoena, were present on the date of trial. The county's attorney was not present. The trial court denied both motions for summary judgment and dismissed the action for failure to prosecute at 9:08 a.m.

Upon the county's motion for reconsideration, the trial court vacated the order of dismissal but imposed costs against the county for the amount of preparation expended by the town, *i.e.*, witness fees and actual attorney's fees. The county did not object to the calculation of those costs as $3476.

The county argues that the award of costs was unreasonable because: (1) the court had not rendered a decision until the trial date on the summary judgment motions; and (2) the court later ruled that 900 property owners had to be notified of their right to intervene, thus preventing the trial on the scheduled date anyway. The town points to the county's admission that it was

not prepared for trial on the scheduled date and did not have witnesses ready. Further, an affidavit by the county's attorney states that he "had completely forgotten about the hearing" and that it was his "mistake for not being on time." Neither party has apparently thought it necessary to provide us with any statutory or case law authority supporting its position. Nonetheless, we conclude that the award of costs was within the trial court's discretion.

Section 805.03, Stats., allows a court to make "such orders in regard to the failure [to prosecute] as are just, including but not limited to orders authorized under s. 804.12(2)(a)." Section 804.12(2)(a), Stats., allows a court to require a party or its attorney to pay reasonable expenses caused by the failure to comply. In addition, sec. 806.07(1), Stats., allows a court to grant relief from a judgment of dismissal "[o]n motion and upon such terms as are just." The trial court concluded that "just terms" included the town's expenditures to again prepare for trial. In view of the fact that the county's attorney had forgotten about and was unprepared for trial, we cannot conclude that it was an abuse of discretion for the court to award costs and fees.

## CROSS-APPEAL

### Approval of Amendments

The town argues that the trial court erred when it determined that the town must present subsequent amendments to the county for approval. The town alleges that it adopted its ordinance under sec. 60.74(8), Stats., based on participation in a regional planning program, and that this subsection does not require county approval for amendments.

We question whether such a reading of the statute allows the town to completely change its ordinance after receiving county approval. Regardless, we need not address this issue because our resolution of the appeal results in there being no town ordinance to amend.

## Section 893.93(1)(a), Stats., As a Bar

The town argues that the six-year statute of limitations for "[a]n action upon a liability created by statute" barred the county from bringing this action. *See* sec. 893.93(1)(a), Stats. The town alleges that the "liability" here is the statutory duty of the town to obtain county approval of its ordinance under sec. 60.74, Stats. (1967).

We have examined the type of cases to which sec. 893.93(1)(a), Stats., has been applied, and we conclude that this is not such a case. Section 60.74, Stats. (1967), establishes prerequisites for the validity of a town zoning ordinance, but it does not hold the town "liable" for a violation thereof. There is no "liability" created by sec. 60.74 which would require that an action to determine an ordinance's validity be commenced within six years pursuant to sec. 893.93(1)(a).

## Waiver

The town next argues that the county waived its right to disapprove the town ordinance because it had already voted to approve it, thus intentionally and voluntarily relinquishing a known right. *See Mulvaney v. Tri State Truck & Auto Body, Inc.*, 70 Wis. 2d 760, 768, 235 N.W.2d 460, 465 (1975). We view this argument as being closely related to the question of whether the county's reconsideration was valid. Having already

concluded that the county's reconsideration was proper, we cannot say that its earlier approval was intended as a relinquishment of its rights. This is especially so in light of the definition of "relinquish" as "cease from considering." *Webster's Third New International Dictionary* 1918 (1976).

## Laches and Equitable Estoppel

We combine the last two arguments because of their similarity. The town points to the delay of seventeen and one-half years before the county's commencement of this action and argues that it would be inequitable to allow such a claim after the town has relied on the county's approval.

Laches and equitable estoppel are equitable doctrines. *Bade v. Badger Mut. Ins. Co.,* 31 Wis. 2d 38, 47, 142 N.W.2d 218, 222 (1966); *Kellogg v. Village of Viola,* 67 Wis. 2d 345, 350, 227 N.W.2d 55, 58 (1975). Two common maxims of equity are: (1) equity aids the vigilant, not those who sleep on their rights; and (2) one who seeks equity must have clean hands. *See, e.g., Becker v. First Wis. Trust Co.,* 274 Wis. 404, 413, 80 N.W.2d 440, 445 (1957); *Martinson v. Brooks Equip. Leasing, Inc.,* 36 Wis. 2d 209, 223, 152 N.W.2d 849, 856 (1967).

The county here is no more at fault than the town for the lateness of this action. The town asserts that it had no reason to bring the action, yet that is undoubtedly the position of the county as well. The county had reconsidered its approval, and the town was aware of the reconsideration; the town continued to enforce the ordinance, and the county knew of the enforcement. Neither laches nor equitable estoppel should lie in such

a case as this where it is unclear on whose shoulders the burden of bringing the action should be placed.

## CONCLUSION

We affirm that portion of the judgment awarding attorney's fees of $3476 to the town. We reverse the remainder of the judgment which precluded the county from challenging the validity of the town's ordinance. We conclude that the county's reconsideration of its approval was valid and that none of the defenses, as a matter of law, is sufficient to defeat the county's position.

No costs to either party.

*By the Court.*—Judgment affirmed in part and reversed in part.