# STATE of Wisconsin, Plaintiff-Respondent,

## v.

# Leo J. VANDER LINDEN, Defendant-Appellant.†

### Court of Appeals

*No. 86–2296–CR. Submitted on briefs July 13, 1987.—Decided August 26, 1987.*
(Also reported in 414 N.W.2d 72.)

---

† Petition to review filed. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Elizabeth E. Stephens,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *John J. Glinski,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. Leo J. Vander Linden appeals from a judgment of conviction for injury by conduct regardless of life. He raises three issues on appeal. First, he argues that it was error for the trial court to accept his plea of no contest combined with a plea of not guilty by reason of mental disease or defect. Second, he notes that the trial court informed the jurors he had pled both guilty and no contest and claims it is error to inform the jury of either fact. Finally, he complains that the trial court improperly refused to admit evidence of his behavior subsequent to the crime, thereby denying him the ability to fully present his defense. We are unpersuaded by these arguments and affirm.

Vander Linden was charged with attempted murder after he allegedly shot and wounded a person. He pled no contest and not guilty by reason of mental disease or defect (NGI) to a reduced charge of injury by conduct regardless of life. A jury found that Vander Linden was not mentally ill, and he was convicted. Additional facts will be presented as necessary.

Vander Linden first argues that sec. 971.06, Stats., only allows either a single plea of NGI or a plea of NGI joined with a plea of not guilty. He appears to complain that it is contradictory to allow a plea of no contest because it is tantamount to an acceptance of guilt on the issue of intent when the mental capacity to form that intent is still at issue. He therefore concludes that the trial court erred in accepting his plea of no contest joined with a plea of NGI. A review of the record shows that Vander Linden, through his counsel, entered this plea. The plea was then explained to Vander Linden and he indicated that he understood its implications. Because Vander Linden did not make any objection to his plea, he is not entitled to review as a matter of right. *In re Spring Valley Meats, Inc.,* 94 Wis. 2d 600, 606, 288 N.W.2d 852, 854 (1980).

This court may review the trial court's acceptance of Vander Linden's plea despite the absence of proper objection, however, if the acceptance constitutes "plain error." *See State v. Gustafson,* 119 Wis. 2d 676, 684, 350 N.W.2d 653, 657 (1984), modified, 121 Wis. 2d 459, 359 N.W.2d 920, *cert. denied,* 471 U.S. 1056 (1985). Plain error is error so fundamental that a new trial or other relief must be granted even though the action was not objected to at the time. *Id.* at 687, 350 N.W.2d at 659. Review under the doctrine of plain error is reserved for those cases where there is a likelihood that the defendant has been denied a fundamental constitutional right or the right of fair trial. *Id.* at 688, 350 N.W.2d at 659.

We do not perceive this to be the case here. An NGI plea when entered alone admits that but for lack of mental capacity the defendant committed all the essential elements of the offense charged. Sec. 971.06(1)(d), Stats., *Schultz v. State,* 87 Wis. 2d 167, 169, 274 N.W.2d 614, 615 (1979). The case then proceeds to trial solely on the issue of the defendant's mental capacity. *See Schultz* at 169, 274 N.W.2d at 615. When a defendant pleads not guilty and NGI, the trial is bifurcated and the issue of whether the defendant is guilty is heard first. Upon a finding of guilt by the jury, the case again proceeds solely on the issue of the defendant's mental capacity. *See* sec. 971.175, Stats.

This same result was, in effect, reached here. Vander Linden's plea of no contest constitutes admission of the elements alleged in the charge, and also places him in the same position as if he had been found guilty by jury verdict. *Ellsworth v. State,* 258 Wis. 636, 638–39, 46 N.W.2d 746, 748 (1951). Thus, when the trial court proceeded with Vander Linden's trial solely on the issue of his mental capacity, the effect was the same as if Vander Linden had pled NGI alone or pled not guilty and NGI, with a finding of guilt by the jury. On this basis, we cannot conclude that Vander Linden was denied a fundamental constitutional right or the right of fair trial.

Vander Linden next argues that the trial court committed error by informing the jurors of his plea to the charged offense. The trial court had misinformed the jurors at voir dire that Vander Linden had pled guilty, and on the second day of trial informed the jurors that Vander Linden had pled no contest.

160

Vander Linden argues that this was error not only because of the inconsistency, but also because, in general, jurors hearing only the issue of a defendant's mental responsibility should not be informed of defendant's plea to the charge. To do so, he contends, could lead to juror confusion regarding the concept of guilt versus the concept of mental responsibility under his NGI defense. He asks rhetorically whether a jury would ever relieve a defendant of responsibility after he has not only been found guilty, but the jury has been informed that he or she admitted culpability and assumed responsibility.

A review of the record again shows, however, that Vander Linden made no objection to the trial court's statements to the jury concerning his plea. Although this issue is waived and the defendant has no right to an appeal, *Spring Valley Meats,* 94 Wis. 2d at 606, 288 N.W.2d at 854, this court has the discretionary power to hear an issue raised for the first time on appeal. *See County of Columbia v. Bylewski,* 94 Wis. 2d 153, 171–72, 288 N.W.2d 129, 138–39 (1980).

Assuming, without deciding, that the trial court's statements constituted error, we cannot conclude that the statements resulted in confusion of the jury affecting the outcome of the proceeding. *State v. Leach,* 124 Wis. 2d 648, 674, 370 N.W.2d 240, 254 (1985).

The record shows that shortly after the statement at voir dire, other introductory comments to the prospective jurors properly informed them of the issue they were to consider. The prospective jurors were told that Vander Linden had admitted the elements of the offense, but with the defense of not guilty by reason of mental disease or defect. The prospective

jurors were then told that the issue they were to resolve was "whether the defendant at the time of the commission of the crime had a mental disease as a result of which he lacked substantial capacity either to appreciate the wrongfulness of his conduct or conform his conduct to the requirements of the law." During final instructions, the jury was told that in deciding whether Vander Linden was responsible for the criminal conduct it was to "consider only the issue of the defendant's mental condition at the time of the offense."

The preliminary comments and the final instructions, considered in their entirety, lead to the conclusion that there was no possibility of confusion resulting from the statements. The jury was properly and carefully informed of the sole issue—Vander Linden's mental condition. Any possible negative inferences of an admission of responsibility on the part of Vander Linden were rendered harmless. Moreover, the final jury instructions, taken by themselves, render any error harmless because the overall meaning communicated by the instructions was correct. Where, as here, there is no possibility that the error contributed to the conviction, there are no grounds for reversal. *Leach* at 674, 370 N.W.2d at 254.

Finally, Vander Linden argues that the trial court improperly excluded relevant evidence concerning incidents of his "bizarre" conduct, thereby denying him the ability to fully present his NGI defense. The burden of establishing this defense is on the defendant. Sec. 971.15(3), Stats. The conduct in question reflects attempts by Vander Linden to harm himself while he was incarcerated following arrest.

162

Vander Linden's offer of proof related that the conduct took place five, forty, fifty and fifty-three days after the shooting. Over the course of these dates, Vander Linden made two attempts at suicide, was observed three times to be banging his head on his cell wall, and was observed with an apparent self-inflicted pinprick above his navel.

Vander Linden correctly points out that evidence of conduct both prior and subsequent to an event *may* be admissible.[1] However, to be admissible such conduct must be relevant. Sec. 904.02, Stats. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Sec. 904.01, Stats. Questions concerning the relevance of particular evidence are left to the trial court's discretion. *State v. Denny,* 120 Wis. 2d 614, 626, 357 N.W.2d 12, 18 (Ct. App. 1984). The question on appeal is not whether this court, ruling initially on the admissibility of the evidence, would have permitted it to come in, but whether the trial court properly exercised its discretion. *State v. Pharr,* 115 Wis. 2d 334, 342, 340 N.W.2d 498, 501 (1983).

The record supports the trial court's exercise of discretion. After hearing the offer of proof, the trial court concluded that evidence of Vander Linden's conduct was not relevant, stating that it "would be too

---

[1]*See Curl v. State,* 40 Wis. 2d 474, 484, 162 N.W.2d 77, 82 (1968), *cert. denied,* 394 U.S. 1004 (1969); *State v. Rutchik,* 116 Wis. 2d 61, 74–75, 341 N.W.2d 639, 646 (1984); and *State v. Wyss,* 124 Wis. 2d 681, 714, 370 N.W.2d 745, 760–61 (1985).

163

remote in time to establish anything as to the date of the offense ... of his mental condition ... ." It was not Vander Linden's conduct following the shooting of a person and his subsequent incarceration that was at issue. Rather, it was Vander Linden's mental state at the time and place of the shooting that was at issue. Relevance of other acts depends on nearness in time, place and circumstances to the alleged element to be proved. *See State v. Evers,* 139 Wis. 2d 424, 436, 407 N.W.2d 256, 261 (1987). The trial court could reasonably conclude that the evidence of Vander Linden's conduct lacked any rational or logical connection to the issue of his mental state at the time and place of the shooting. *See Rausch v. Buisse,* 33 Wis. 2d 154, 166, 146 N.W.2d 801, 807 (1966).[2]

Where there exists a reasonable basis for a trial court's conclusion, this court will not find an abuse of discretion. *Pharr,* 115 Wis. 2d at 342, 340 N.W.2d at 501. Therefore, even though we may have fashioned a somewhat different ruling, we conclude that appropriate discretion was in fact exercised. *See id.*

*By the Court.*—Judgment affirmed.

---

[2]In *Rausch v. Buisse,* 33 Wis. 2d 154, 146 N.W.2d 801 (1966), the supreme court held that an observation made six hours after an auto accident of a tire track on the roadway was properly excluded as being too remote in time to have a rational or logical connection to the accident. *Id.* at 166, 146 N.W.2d at 807.