John L. GORTON, Thomas Hauch, Timothy Hauch and Michael Vander Leest, Plaintiffs-Respondents-Cross-Appellants,

v.

HOSTAK, HENZL & BICHLER, S.C., f/k/a Thompson & Coates, Ltd., and Robert H. Bichler, Defendants-Appellants-Cross-Respondents.

Supreme Court

*No. 96–2776. Oral argument March 4, 1998.——Decided May 6, 1998.*

(Also reported in 577 N.W.2d 617.)

For the defendants-appellants-cross respondents there were briefs by *Robert H. Bichler, Kenneth F. Hostak, Thomas M. Devine, JoAnne Breese-Jaeck* and *Hostak, Henzl & Bichler, S.C.*, Racine and oral argument by *Robert H. Bichler.*

For the plaintiffs-respondents-cross appellants there were briefs by *Jon P. Axelrod, Joseph A. Ranney*

and *DeWitt Ross & Stevens, S.C.*, Madison and oral argument by *Jon P. Axelrod.*

¶ 1. ANN WALSH BRADLEY, J. This case is before the court upon certification from the court of appeals. The circuit court[1] concluded that a statutory award of reasonable attorney fees under Wis. Stat. § 100.18(11)(b)2 (1989–90) in the underlying action belongs to the plaintiffs and that each plaintiff is also entitled to $100 for attorney fees as a statutory item of costs. Additionally, the circuit court denied the plaintiffs' request for an award of attorney fees in pursuing this subsequent declaratory action.

¶ 2. Because we determine that the question of who owns the statutory award of reasonable attorney fees under Wis. Stat. § 100.18(11)(b)2 is ultimately controlled by the terms of the contract between the parties, which here give ownership to the plaintiffs, and that the award of attorney fees in declaratory actions should not extend to the facts of this case, we affirm part of the circuit court's judgment. However, because the plaintiffs' claim represents a single cause of action, we reverse that part of the circuit court's judgment which awarded attorney fees as a statutory item of costs to each named plaintiff.

¶ 3. The court of appeals certifies two questions of first impression to this court pursuant to Wis. Stat. § (Rule) 809.61 (1995–96).[2] First, when an attorney and a plaintiff are parties to a contingent fee agreement, does a statutory award of reasonable attorney fees pursuant to Wis. Stat. § 100.18 belong to "the per-

---

[1] Circuit Court for Racine County, Michael S. Gibbs, Judge.

[2] Unless otherwise noted, all future statutory references are to the 1995–96 volumes.

son suffering the pecuniary loss" or to the representative attorney? Second, do principles of equity apply to a Wis. Stat. § 806.04(8) award of appellate counsel fees when the client suing a trial attorney has already been made more than whole for damages sought in the circuit court proceedings? Finally, we also consider whether multiple partners in a lawsuit on behalf of a partnership may each collect $100 attorney fees as statutory items of cost under Wis. Stat. §§ 814.01(1) and 814.04(1)(a).

¶ 4. The facts of this case are not in dispute. In 1990, Gorton Farms, a general partnership consisting of the four plaintiff-farmers, retained the defendant law firm (in which defendant Bichler is a partner) to pursue American Cyanamid Co. (Cyanamid) for damages done to the plaintiffs' crops by a Cyanamid agricultural product.[3] The contingent fee contract of the parties, signed by plaintiff Gorton on behalf of Gorton Farms, entitled the defendant firm to 40% of the gross amount of any recovery "obtained after a lawsuit which involves an appeal."

¶ 5. The case proceeded to a jury trial and the jury returned a verdict in favor of the plaintiffs. The jury assessed the damage to Gorton Farms at $129,300 and also awarded punitive damages in the amount of $50,000. After granting a post-trial motion for costs pursuant to Wis. Stat. § 814.036,[4] the circuit court

---

[3] A full description of the underlying case may be located at *Gorton v. American Cyanamid Co.*, 194 Wis. 2d 203, 533 N.W.2d 746 (1995).

[4] Wis. Stat. § 814.036 provides:

> Omnibus costs provision. If a situation arises in which the allowance of costs is not covered by ss. 814.01 to 814.035, the allowance shall be in the discretion of the court.

entered a judgment for the plaintiffs in the amount of $199,885.24.

¶ 6. On post-verdict motion, the plaintiffs also contended that by making misrepresentations in the sale of the offending agricultural product, Cyanamid violated Wis. Stat. § 100.18.[5] The circuit court agreed and awarded Gorton Farms an additional $307,421.25 in reasonable attorney fees, making the total judgment against Cyanamid $507,306.49.

¶ 7. Cyanamid appealed the judgment. During the pendency of the appeal the defendant firm apparently sought to renegotiate its contingent fee agreement with Gorton Farms based on the firm's pursuit of attorney fees on the Wis. Stat. § 100.18 claim. However, the record does not reflect any actual change in the contractual agreement. The court of appeals

---

[5] Wis. Stat. § 100.18 (1989–90) provides in pertinent part:

(11)(b)2. Any person suffering pecuniary loss because of a violation of this section by any other person may sue in any court of competent jurisdiction and shall recover such pecuniary loss, together with costs, including reasonable attorney fees.

As indicated by Wis. Stat. § 990.01(26), for purposes of statutory construction, the term "person" includes "all partnerships, associations and bodies politic or corporate." Thus, as the circuit court in the underlying action determined, the Gorton Farms partnership could be injured and recover under Wis. Stat. § 100.18(11)(b)2.

However, under Wisconsin civil pleadings practice a partnership may not assert its own cause of action. Rather, in any action based on a cause of action owned by a partnership, each individual partner must be joined as a necessary and indispensable party. *See Karp v. Coolview of Wisconsin, Inc.*, 25 Wis. 2d 299, 304, 130 N.W.2d 790 (1964). Thus, while it was the partnership of Gorton Farms that was injured in the underlying action, the named plaintiffs there, as here, are the four individual general partners, suing on the partnership's cause of action.

affirmed the order of the circuit court and the plaintiffs were awarded additional reasonable attorney fees based on the appellate litigation.

¶ 8. The plaintiffs, represented by new counsel, then filed a declaratory action against the defendant firm seeking for Gorton Farms 60% of all monies to be tendered by Cyanamid, including 60% of the $711,833.05 in reasonable attorney fees and interest, as awarded by the circuit court in the underlying action. The plaintiffs also asked for actual and reasonable attorney fees arising from this suit against the defendant firm pursuant to Wis. Stat. § 806.04(8).[6]

¶ 9. Shortly thereafter, Cyanamid tendered a check to the defendant firm's trust account for $1,045,487.27. This amount included all assessed damages, costs, attorney fees, and applicable interest in the underlying action. Both parties to the declaratory action moved for summary judgment.

¶ 10. The circuit court determined that the contingent fee contract between the parties controlled allocation of the Wis. Stat. § 100.18 attorney fees award in this case and granted summary judgment in favor of the plaintiffs. The plaintiffs were then awarded 60% of all amounts received from Cyanamid in the

---

[6] Wis. Stat. § 806.04(8) states:

SUPPLEMENTAL RELIEF. Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith.

underlying action.[7] The circuit court also awarded each of the four plaintiff-partners $100 as items of costs for attorney fees pursuant to Wis. Stat. §§ 814.01(1) and 814.04(1)(a).[8] However, the circuit court denied the plaintiffs' request for supplemental relief in the form of further attorney fees arising from the declaratory action pursuant to Wis. Stat. § 806.04(8).

¶ 11. The defendant firm appealed the circuit court's grant of summary judgment determining ownership of the attorney fees and the assessment of $400 for attorney fees as items of costs, while the plaintiffs cross-appealed the circuit court's denial of the requested additional attorney fees as supplemental relief. The court of appeals certified the case and we accepted certification for review of all issues raised before the court of appeals.

¶ 12. This court reviews a grant of summary judgment using the same methodology as the circuit court. *See State ex rel. Auchinleck v. Town of LaGrange*, 200 Wis. 2d 585, 591–92, 547 N.W.2d 587 (1996). Where, as here, there are no material facts in dispute, we must determine whether the movant is entitled to

---

[7] Prior to the circuit court's ruling, the defendant firm released to the plaintiffs all amounts attributable to the plaintiffs' damage award, the punitive damage award, the double taxable and discretionary costs award, the supplemental cost judgment, and all attributable interest. After the circuit court's ruling, the defendant firm released additional funds from the trust fund to comply with the circuit court's order, while reserving the right to appeal.

[8] Wis. Stat. § 814.04(1) provides in pertinent part:

ATTORNEY FEES. (a) When the amount recovered or the value of the property involved is $1,000 or over, attorney fees shall be $100. . . .

judgment as a matter of law. *See id.* at 592. This case presents questions of statutory and contract interpretation. We review such questions *de novo. See McEvoy v. Group Health Co-op of Eau Claire*, 213 Wis. 2d 507, 517, 570 N.W.2d 397 (1997) (statutes); *Ford Motor Co. v. Lyons*, 137 Wis. 2d 397, 460, 405 N.W.2d 354 (Ct. App. 1987)(contracts).

## I.

¶ 13. We first determine which party is entitled to receive the reasonable attorney fees awarded by the circuit court pursuant to Wis. Stat. § 100.18 in the underlying action, the plaintiffs or the plaintiffs' attorney (the defendant firm). The plaintiffs claim that pursuant to the contingent fee agreement their partnership is entitled to 60% of all monies received, including the reasonable attorney fees award. The defendant firm asserts that it alone deserves the attorney fees awarded in the underlying action.[9] In resolving this issue, we consider the statutory grant of reasonable attorney fees and the terms of the existing

---

[9]

| Parties' Proposed Allocations of Fee Award | Plaintiffs' Proposal (total sum of damage award + statutory fee award → split 60% (client), 40% (firm)) | Defendant Firm's Proposal (client keeps full damage award; firm keeps full statutory fee award) |
|---|---|---|
| Plaintiffs | $627,292 | $333,654 |
| Defendant Firm | $418,195 | $711,833 |

contract between Gorton Farms and the defendant firm.

¶ 14. The express language of Wis. Stat. § 100.18(11)(b)2 is dispositive of the first step of our analysis. Wisconsin Stat. § 100.18(11)(b)2 (1989–90) states:

> Any person suffering pecuniary loss because of a violation of this section by any other person. . .shall recover such pecuniary loss, together with costs, including reasonable attorney fees.

¶ 15. The statute expressly indicates that it is the "person suffering pecuniary loss" to whom the legislature directs the recovery of reasonable attorney fees, not the representative attorney. The defendant firm has suffered no pecuniary loss attributable to Cyanamid. Thus, under the statute it is Gorton Farms that is entitled to recover the entire award of reasonable attorney fees.[10]

¶ 16. The defendant firm points to *Shands v. Castrovinci*, 115 Wis. 2d 352, 340 N.W.2d 506 (1983), in claiming entitlement to 100% of the reasonable attor-

---

[10] The defendant firm contends that such a distribution of the reasonable attorney fees pursuant to the statute constitutes an unethical sharing of legal fees in violation of SCR 20:5.4. This argument is raised for the first time on appeal. Because it was not raised before the circuit court, it is waived for purposes of our review. *See Terpstra v. Soiltest, Inc.*, 63 Wis. 2d 585, 593, 218 N.W.2d 129 (1974).

The defendant firm also defends what it seems to believe is an implicit allegation that the defendant firm violated the Candor Toward a Tribunal ethical requirement of SCR 20:3.3. We decline to address arguments which neither go to a material issue in this matter, nor address ethical charges raised before any tribunal of this state.

ney fees. The plaintiff in *Shands*, while represented by a legal services organization, successfully sued a defendant-landlord and prevailed upon appeal. However, the plaintiff's request for appellate attorney fees under Wis. Stat. § 100.20(5) (1981–82) was denied. This court reversed and determined that the plaintiff could recover appellate attorney fees under the applicable statute based on the public policy underpinnings of the fee statute. *See Shands*, 115 Wis. 2d at 358–59.

¶ 17. In reaching this result in *Shands*, we considered whether the statutory fee award could be awarded to a plaintiff receiving free legal representation from a legal aid organization. We determined that plaintiffs "are entitled to an attorney fees award even when they are represented at no charge by a legal services organization." *Id.* at 361. We subsequently noted, however, "that the attorney fees award is the property of the organization providing the legal services." *Id.* We reached this result based on the public policy of assisting nonprofit legal organizations in taking cases that serve the public interest without remuneration directly from the aggrieved client. *See Shands*, 115 Wis. 2d at 360–61; *see also Richland School Dist. v. DILHR*, 174 Wis. 2d 878, 913, 498 N.W.2d 826 (1993).

¶ 18. The defendant firm's reliance on *Shands* ignores a significant distinction between this case and *Shands*. In this case the defendant firm provided representation to the plaintiffs on the basis of a contingent fee agreement which provides for the payment of private attorney fees. In *Shands* there was no contract for fees. The public policy endorsed in *Shands* allowing the recovery of attorney fees by a nonprofit legal service organization in the absence of a fee agreement does not apply in a fee agreement setting. Thus, we determine that the express language of Wis. Stat. § 100.18(11)(b)2

is not affected by *Shands* and that the plaintiffs, suing in place of the partnership, are entitled to the attorney fees award.

¶ 19. The initial vesting of the reasonable attorney fees with the plaintiffs does not mean that the plaintiffs will necessarily retain the entire fee portion of the award. As the plaintiffs tacitly acknowledge in demanding only 60% of the award of reasonable attorney fees, where a plaintiff is represented by counsel pursuant to the terms of a fee agreement with such counsel, that agreement can control the ultimate disposition of statutory fee awards.[11] Because the scope of retainer agreements varies from attorney to attorney and case to case, such inquiries are necessarily fact intensive.

¶ 20. We turn then to examine the terms of the contract between the parties. Plaintiff Gorton, on behalf of Gorton Farms, engaged the defendant firm to represent the partnership in its suit against Cyanamid under the terms of a contingent fee agreement drafted by the defendant firm. It provides, in relevant part:

> Gorton Farms, Inc. (Client) retains Thompson & Coates, Ltd. (Attorneys) to represent it to institute, prosecute and adjust the claims which Client has against American Cyanamid Company and any liability insurance company or other person legally

---

[11] The plaintiffs assert that *Venegas v. Mitchell*, 495 U.S. 82 (1990), creates a "universal rule" that statutory attorney fees belong solely to the client and are subsequently always divisible pursuant to a fee agreement between a client and an attorney. *Venegas* rested its holding upon statutory interpretation of a federal statute, 42 U.S.C. § 1988. In contrast, our determination requires statutory interpretation of Wis. Stat. § 100.18(11)(b). Accordingly, while illustrative of one approach, *Venegas* is not controlling authority to the inquiry presented here.

responsible for damages sustained by Client as a result of the use of Scepter on Client's farmlands in the years of 1987 and 1988.

Attorneys' fees shall be owing only if a recovery is made. The Attorneys' fees shall be a portion of the gross amount recovered, as follows:

(1) One third (1/3) of amount recovered, or

(2) Forty percent (40%) if obtained after a lawsuit which involves an appeal.

██

¶ 21. In interpreting contracts, we must attempt to ascertain the intent of the parties. *See State ex. rel. Journal/Sentinel, Inc. v. Pleva*, 155 Wis. 2d 704, 711, 456 N.W.2d 359 (1990). Where the terms of a contract are clear and unambiguous, we construe the contract according to its literal terms. *See Eden Stone Co., Inc. v. Oakfield Stone Co., Inc.*, 166 Wis. 2d 105, 115, 479 N.W.2d 557 (Ct. App. 1991). However, when the contractual terms are "reasonably. . .susceptible to more than one construction," the contract is ambiguous. *Maas v. Ziegler*, 172 Wis. 2d 70, 79, 492 N.W.2d 621 (1992). In such instances, any ambiguity is to be interpreted against the drafter. *See Dairyland Equip. Leasing, Inc. v. Bohen*, 94 Wis. 2d 600, 609, 288 N.W.2d 852 (1980). This is particularly true where a substantial disparity of bargaining power exists between the parties or a standard form is supplied by the drafting party. *See Goebel v. First Federal Sav. and Loan Ass'n*, 83 Wis. 2d 668, 675, 266 N.W.2d 352 (1978).

¶ 22. The defendant firm presents a two-level argument that the reasonable attorney fees awarded by the circuit court are not subject to the contingent fee agreement. First, the defendant claims that the "gross amount recovered" language is "at best ambiguous," thereby calling into question whether it includes recov-

ered attorney fees. *See, e.g., Luna v. Gillingham*, 789 P.2d 801 (Wash. App. 1990)(determining that contract for "gross recovery" ambiguous as to inclusion of attorney fees). Second, the defendant firm asserts that the contract does not cover the Wis. Stat. § 100.18 claim against Cyanamid. In support of this argument the defendant firm argues in the alternative that the contract unambiguously creates a contract only for representation on the product liability claim and also asserts the existence of a mutual mistake.

■

¶ 23. The meaning of the "gross amount recovered" language is pivotal to the interpretation of the contract in this case. While the term is not explicitly defined within the four corners of the contract, dictionary definitions are dispositive of the ordinary meanings ascribed to contract terms. *See Ervin v. City of Kenosha*, 159 Wis. 2d 464, 484, 464 N.W.2d 654 (1991). As the plaintiffs point out, "gross" is defined as "an overall total exclusive of deductions." *Webster's Third New International Dictionary*, 1002 (1986). "Recovery" is defined as "the obtaining in a suit at law of a right to something by a verdict, decree, or judgment of court." *Id.* at 1898. The plaintiffs assert that "gross amount recovered" means all amounts recovered, including attorney fees.[12]

---

[12] The plaintiffs also asserted at oral argument that the *Venegas* Court interpreted the identical contractual language of "gross amounts recovered" presented here to include statutory attorney fees. The *Venegas* Court addressed the effect of a statutory fee award in a contingent fee agreement and the reasonableness of the terms of that agreement. While that Court ultimately concluded that a 40% contingent fee was reasonable in that case, *Venegas*, 495 U.S. at 90, the Court did not address whether "gross amounts recovered" should be inter-

¶ 24. The defendant firm points to language in an antecedent paragraph, "for damages sustained by Client as a result of the use of Scepter on Client's farmlands. . ." in arguing that the gross recovery language must be read in the context of the larger contract and that only amounts recovered on a product liability claim are covered by the contract. *See North Gate Corp. v. National Food Stores, Inc.*, 30 Wis. 2d 317, 321, 140 N.W.2d 744 (1966). We disagree that this language conclusively limits the attorney representation to a single products liability cause of action. To the extent any ambiguity exists, its onus is borne by the drafter. *See Dairyland Equip. Leasing*, 94 Wis. 2d at 609.

¶ 25. This is particularly true where the drafter is an attorney. Unlike attorneys, clients may not possess the legal acumen or experience necessary to understand the potential ramifications that a particular fee agreement may have on a lawsuit. Unlike attorneys, clients may not appreciate that there are other sources of attorney compensation available in some instances. Thus, the burden is on the attorney who possesses legal knowledge and who drafts the agreement to state clearly the terms of the fee agreement and to address specifically the allocation of court-awarded attorney fees. *See also Hamilton v. Ford Motor Co.*, 636 F.2d 745, 749 (D.C. Cir. 1980).

¶ 26. The defendant firm additionally asserts, however, that the contract is voidable based on mutual mistake. A mutual mistake is "one reciprocal and common to both parties, where each alike labors under a

preted to include statutory attorney fees. Thus, *Venegas* does not create the bright-line interpretation of "gross amounts recovered" asserted by the plaintiffs in this case.

misconception in respect to the terms of the written instrument." *Continental Cas. Co. v. Wisconsin Patients Compensation Fund*, 164 Wis. 2d 110, 117, 473 N.W.2d 584 (Ct. App. 1991). The mistake alleged by the defendant firm is that neither party "knew of the past violations of § 100.18 which had generated a then-existing right for statutory attorneys' fees." Defendants' reply brief at 5.

¶ 27. This alleged "mutual mistake" does not relieve the defendant of its obligations under the contingent fee agreement. "Mutual mistake must be based upon a past or present, not a future, fact. Future facts rest in conjecture and both parties are assumed responsible for considering the possibility that such facts may occur." *Continental Cas. Co.*, 164 Wis. 2d at 118 (citation omitted). The defendant firm's failure to consider the possibility that the facts of this case might give rise to an additional compensable claim for attorney fees may indicate a lack of full consideration of the plaintiffs' potential claims, but it does not indicate a mutual mistake.

¶ 28. As noted, the circuit court's award of reasonable attorney fees under Wis. Stat. § 100.18 in the underlying action is subject to the contract between Gorton Farms and the defendant firm.[13] Thus, we

---

[13] The defendant firm also claims that it is entitled to the full award of reasonable attorney fees based on the principles of quantum meruit and implied contract. An attorney may have a claim in quantum meruit or implied contract where "he renders services in addition to those contemplated by the contingent fee arrangement." *Martineau v. State Conservation Commission*, 54 Wis. 2d 76, 81, 194 N.W.2d 664 (1972). However, because we determine that distribution of the reasonable attorney fees

agree with the plaintiffs' demand that the Gorton Farms partnership is entitled to retain 60% of the "gross amount recovered," including the reasonable attorney fees awarded under Wis. Stat. § 100.18.

## II.

¶ 29. Because we determine that the plaintiffs are entitled to 60% of the gross amount recovered, including reasonable attorney fees, in the underlying lawsuit against Cyanamid, we must next address the plaintiffs' cross-appeal from the refusal of the circuit court to grant the plaintiffs actual attorney fees against the defendant firm in this subsequent declaratory action. The parties dispute whether attorney fees are available, and if they are, whether principles of equity apply to a Wis. Stat. § 806.04(8) award of attorney fees when the plaintiff has already been made more than whole.

¶ 30. As an initial matter, we note that this state continues to adhere to the American Rule on the award of attorney fees. *See Wisconsin Retired Teachers Ass'n v. Employe Trust Funds Bd.*, 207 Wis. 2d 1, 36, 558

---

award is governed by the contract existing between the parties, quantum meruit and implied contract arguments are inapposite. *See Schultz v. Andrus' Estate*, 178 Wis. 358, 364, 190 N.W. 83 (1922).

Similarly, because the plaintiffs are contractually entitled to the fee award, and did not receive it due to "actual or constructive fraud, duress, abuse of a confidential relationship, mistake, commission of a wrong, or other unconscionable conduct," defendant firm's request for a constructive trust cannot be granted. *M&I First Nat. Bank v. Episcopal Homes Management, Inc.*, 195 Wis. 2d 485, 512, 536 N.W.2d 175 (Ct. App. 1995).

N.W.2d 83 (1997). "[T]he prevailing litigant is generally not entitled to collect attorney's fees from the opposing party as damages or costs." *Winkelman v. Beloit Memorial Hosp.*, 168 Wis. 2d 12, 28, 483 N.W.2d 211 (1992). An award of attorney fees may be obtained "only where such fees are authorized by statute or contract, or where they are the natural and proximate result of a wrongful act by the defendant which subjects the plaintiff to litigation with a party other than the defendant." *Id.*; *see Milwaukee Teachers' Educ. Ass'n v. Milwaukee Bd. of School Directors*, 147 Wis. 2d 791, 796–97, 433 N.W.2d 669 (Ct. App. 1988).

¶ 31. The plaintiffs rely upon Wis. Stat. § 806.04(8) as a statutory basis for circumventing the American Rule. Wisconsin Stat. § 806.04(8) indicates that in declaratory actions further relief beyond the requested declaration of rights "may be granted whenever necessary or proper." Turning then to this court's decision in *Elliott v. Donahue*, 169 Wis. 2d 310, 485 N.W.2d 403 (1992), the plaintiffs allege that "attorney fees are to be awarded where one of the parties assumes a fiduciary or other independent duty to the other party as part of their relationship." Plaintiffs' brief at 7. Pointing to the attorney-client fiduciary relationship that existed in this case, the plaintiffs argue that *Elliott* required the circuit court to award attorney fees to them when the defendant firm breached its fiduciary duty to them.

¶ 32. The *Elliott* case arose when an automobile liability insurer reneged on its contractual obligation to defend a third-party suit. The insured retained independent counsel who established that coverage existed under the policy. *See Elliott*, 169 Wis. 2d at 315. The insured asked for attorney fees and we determined that Wis. Stat. § 806.04(8) "permits a recovery of attorney

fees. . .because the recovery is proper under the principles of equity." *Id.* at 324. We reached this decision because "[t]he insurer that denies coverage and forces the insured to retain counsel and expend additional money to establish coverage for a claim that falls within the ambit of the insurance policy deprives the insured the benefit that was bargained for. . . ." *Id.* at 322.

¶ 33. However, while we have subsequently acknowledged that "*Elliott* stands for the proposition that courts have the equitable power to award attorney's fees to insureds in limited circumstances," *DeChant v. Monarch Life Ins. Co.*, 200 Wis. 2d 559, 569, 547 N.W.2d 592 (1996), we have expressly declined "to extend *Elliott* beyond its particular facts and circumstances." *Id. Elliott* remains the only instance in which this court has interpreted Wis. Stat. § 806.04(8) to allow a grant of attorney fees. Accordingly, we decline to adopt the rule proposed by the plaintiffs that in every instance of a suit between a fiduciary and a beneficiary the prevailing beneficiary is entitled to attorney fees under Wis. Stat. § 806.04(8). This refusal is consistent with our history of crafting only "limited and narrow" exceptions to the American Rule. *See Milwaukee Teachers' Educ. Ass'n,* 147 Wis. 2d at 797.[14] The circuit court correctly denied the plaintiffs' request for supplemental relief in the form of reasonable attorney fees under Wis. Stat. § 806.04(8).

---

[14] Because attorney fees are not available as supplemental relief in this instance, we do not reach the parties' arguments in equity.

## III.

¶ 34. Finally, the defendant firm also challenges the circuit court's approval of attorney fees of $100 as items of costs to each of the four named plaintiffs pursuant to Wis. Stat. §§ 814.01(1) and 814.04(1)(a). The defendant firm contends that because the plaintiffs are partners in the damaged farming enterprise, there is really only one cause of action and the circuit court should have levied only a single $100 cost award.

¶ 35. As an initial matter, we note that Wis. Stat. § 814.01(1) states that "[e]xcept as otherwise provided in this chapter, costs shall be allowed of course to the plaintiff upon a recovery." The statute refers to "the plaintiff" only in the singular and does not address cost awards where there are multiple named plaintiffs to a lawsuit.

¶ 36. Despite the absence of explicit statutory guidance, our courts have previously considered application of Wis. Stats. §§ 814.01(1) and 814.04(1)(a) to cases where multiple plaintiffs were pursuing multiple independent causes of action. In such cases, our courts have declared each plaintiff entitled to bring an individual cause of action to also be entitled to a separate $100 cost award in the form of attorney fees. *See Gospodar v. Milwaukee Auto Ins. Co.*, 249 Wis. 332, 24 N.W.2d 676 (1946); *Hansberry v. Dunn*, 230 Wis. 626, 284 N.W. 556 (1939); *Zintek v. Perchik*, 163 Wis. 2d 439, 471 N.W.2d 522 (Ct. App. 1991), *overruled on other grounds, Steinberg v. Jensen*, 194 Wis. 2d 439, 534 N.W.2d 361 (1995).

¶ 37. As noted earlier, in this case the plaintiffs are not pursuing a joint suit based on multiple causes of action that they each could have pursued individually. Rather, they are suing as necessary and

513

indispensable parties to a single cause of action actually adhering to their Gorton Farms partnership. It was the partnership, not the partners, that retained the defendant firm. It was the partnership, not the partners, that sustained damage through use of Cyanamid's product.

¶ 38. Because there is really only one cause of action asserted here, only one award of $100 attorney fees as an item of costs is available. To hold otherwise would make the cost award in partnership cases solely dependent upon the number of partners in the partnership.

¶ 39. Moreover, our conclusion is buttressed by the statutory treatment given to claims for costs made by multiple successful defendants. Wisconsin Stat. § 814.03 allows multiple defendants to recover individual costs only "where there are several defendants who are not united in interest and who make separate defenses by separate answers. . . ." This test is similar to the approach of focusing on the existence of multiple causes of action for plaintiffs as evinced by *Gospodar* and *Zintek*. Accordingly, we determine that Wis. Stat. §§ 814.01(1) and 814.04(1)(a) will not allow for multiple awards of $100 in this case.

## IV.

¶ 40. A statutory award of reasonable attorney fees pursuant to Wis. Stat. § 100.18 belongs to the person suffering the pecuniary loss. However, the ultimate ownership of that award may be controlled by the terms of the contingent fee agreement between the parties. Under the terms of this contract, the plaintiffs are entitled to 60% of those attorney fees.

¶ 41. Although the plaintiffs are entitled to attorney fees in the underlying action, they are not awarded attorney fees in this declaratory action. Wisconsin Stat. § 804.06(8) does not provide for an award of attorney fees as supplemental relief on the facts presented here. Because the American Rule applies, the circuit court correctly denied the plaintiffs' request for additional attorney fees.

¶ 42. Finally, the circuit court's judgment in the proceedings immediately below to grant statutory attorney fees of $100 per plaintiff was error. Wisconsin Stat. §§ 814.01(1) and 814.04(1)(a) do not allow multiple $100 attorney fee awards from a single cause of action. Accordingly, the judgment of the circuit court is affirmed in part and reversed in part.

*By the Court.*—The judgment of the circuit court is affirmed in part and reversed in part.

¶ 43. JON P. WILCOX, J. did not participate.