Donald G. STAHL, Joseph Promersberger, and
Spider Lake Environment Involvement
Association, Inc., Plaintiffs-Respondents,

v.

TOWN OF SPIDER LAKE, Stuart Heinemann,
William Leonard, Robert Timme, George
Brandt, and Eugene Krause, Defendants-
Respondents,

F. Richard TITUS, Defendant-Appellant.

Court of Appeals

*No. 88-1163. Submitted on briefs November 30, 1988.—Decided
February 14, 1989.*

(Also reported in 441 N.W.2d 250.)

For defendant-appellant, F. Richard Titus, there were briefs by *Thomas G. Kissack,* Spooner.

For plaintiffs-respondents there was a brief by *John H. Hendricks* and *Donald J. Gillen* of *Gee, Hendricks, Knudson & Gee, S.C.,* Superior.

For defendant-respondent, Town of Spider Lake, there was a brief by *Mark Fina* and *Jack A. Carlson* of *Spears, Carlson & Lindsey.*

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. F. Richard Titus appeals an order denying his motion for partial summary judgment and finding a town of Spider Lake zoning and subdivision control ordinance valid.[1] He contends that publication in a pamphlet for three years is insufficient to validate the zoning portion of the ordinance that was never approved by the county board as required by sec. 60.62(3), Stats., formerly sec. 60.74(7), Stats. (1967). He also contends that because a forfeiture provision in the subdivision control portion of the ordinance was never published in the form prescribed by sec. 60.80(2), Stats., it is invalid and cannot be severed from the rest of the subdivision control portion, thus invalidating all of the subdivision control provisions. Finally, Titus argues that if the zoning portion of the ordinance is invalid, the subdivision control portion of the ordinance is invalid as well.

We conclude that sec. 889.04, Stats., cannot correct the town's failure to obtain county board approval of its zoning ordinance, that sec. 889.04 corrects the failure to publish the forfeiture provision as required by sec. 60.80(2), and that the invalid zoning portion is severable from the subdivision control portion of the ordi-

[1]We granted leave to appeal from this nonfinal order.

nance. Therefore, we affirm in part, reverse in part, and remand to the trial court for further proceedings.

In 1971, Sawyer County enacted a county zoning ordinance pursuant to sec. 59.97, Stats. In 1976, the town passed ordinance 76-1, which was more restrictive than the county zoning ordinance. It consisted of four parts: zoning and planning; subdivision control, which contained a forfeiture provision; solid waste regulation; and severability and applicability. The town printed the entire ordinance in pamphlet form in 1976 but never submitted the zoning portion for approval by the Sawyer County board. It also failed to publish the forfeiture provision in the manner specified by sec. 60.80(2). In 1986, the town amended both portions of the ordinance but failed to follow the appropriate procedures for doing so. However, apparently none of the 1986 amendments are being enforced against Titus, and neither group of respondents suggests that the 1986 amendments are valid or controlling.

In 1987, Titus submitted plans for the development of a seventy-five-unit subdivision and golf course to the town. The town approved the preliminary plat, a change in zoning designation, and a conditional use permit. The plaintiffs then brought an action seeking a declaratory judgment that these acts by the town violated the above-described ordinances and were therefore invalid. The town and Titus responded that both portions of the ordinance were invalid because of procedural irregularities in their passage, and therefore the town need not comply with them.

■

The first issue is whether sec. 889.04 corrects the town's failure to obtain county board approval of the zoning part of the ordinance and the town's failure to properly publish the forfeiture provision in the subdivi-

sion control part of the ordinance.[2] Because this requires the interpretation of a statute, it is a question of law that we decide independently of the trial court's determination. *Central Nat'l Bank v. Dustin,* 107 Wis. 2d 614, 617, 321 N.W.2d 321, 322 (Ct. App. 1982).

Section 889.04 provides:

> County and municipal ordinances. *Matter* entered or recorded in any ordinance or record book under ss. 59.17(2), 60.33(1) and (2), 61.25(3) and 62.09(11)(c) *or printed in any* newspaper, book, *pamphlet,* or other form purporting to be so published, entered or recorded *by any* county, *town,* city or village in this state as a copy of its ordinance, bylaw, resolution or regulation, *is prima facie evidence thereof; and after 3 years from the date of such publication,* entry or recording such book *or pamphlet shall be conclusive proof of the regularity of the adoption and publication of the ordinance,* bylaw, resolution or regulation. (Emphasis supplied.)

With respect to the portion of the ordinance dealing with zoning, Titus argues that sec. 889.04 cannot be applied to correct the town's failure to comply with sec. 60.62(3), which provides that "in counties having a county zoning ordinance, *no zoning ordinance* may be adopted under this section unless approved by the county board." (Emphasis supplied.) He contends that sec. 889.04 does not cure the defect of failing to obtain county board approval because this approval is not part of the adoption process and therefore an error that cannot be cured by publication.

Our resolution of this issue is controlled by this court's recent decision in *Kenosha County v. Town of*

---

[2]We do not address whether subdivision control is included within the term "zoning" because neither party raises this issue.

*Paris,* 148 Wis. 2d 175, 434 N.W.2d 801 (Ct. App. 1988), which held that sec. 889.04 applies only to irregularities in the adoption process and county board approval is not part of the adoption process. Therefore, sec. 898.04 does not cure the town's failure to obtain county board approval, and that portion of the ordinance dealing with zoning is invalid.

However, the town's failure to properly publish the forfeiture provision of the subdivision control part of the ordinance is corrected by the sec. 889.04 presumption of regularity. Section 60.80(1)(b) requires a town to publish or post an ordinance within thirty days after passage or adoption. However, sec. 60.80(2) states that if an ordinance imposes a forfeiture, posting may not be used in lieu of publication under subsec. (1).

The subdivision control part of the ordinance was apparently not published as required by sec. 60.80(2) within thirty days after its passage. However, this is precisely the kind of procedural error that sec. 889.04 is intended to correct. *See City of Lake Geneva v. Smuda,* 75 Wis. 2d 532, 539–41, 249 N.W.2d 783, 787–88 (1977); *McKinnon v. Benedict,* 38 Wis. 2d 607, 623–24, 157 N.W.2d 665, 672–73 (1968). Because county board approval is not required for a subdivision control ordinance and more than three years have passed since its passage in 1976, the forfeiture provision's publication in the pamphlet is conclusive proof of the regularity of its adoption and publication.

Finally, Titus argues that the zoning part is so closely connected to the subdivision control part of the ordinance that the entire ordinance is invalid. We disagree. The determination as to whether an invalid portion of an ordinance "fatally infects" the remainder

of the ordinance is a question of legislative intent. *City of Madison v. Nickel,* 66 Wis. 2d 71, 78, 223 N.W.2d 865, 869 (1974). "If a statute consists of separable parts and the offending portions can be eliminated and still leave a living, complete law capable of being carried into effect 'consistent with the intention of the legislature which enacted it in connection with the void part,' the valid portions must stand." *Id.* at 79–80, 223 N.W.2d at 870 (quoting *State ex rel. Reynolds v. Sande,* 205 Wis. 495, 503, 238 N.W. 504, 507 (1931)). Also, while not controlling, the existence of a severability clause is entitled to great weight in determining whether the valid portion of an ordinance can stand separate from the invalid part. *Nickel,* 66 Wis. 2d at 80, 223 N.W.2d at 870.

The ordinance contains an express severance clause. Furthermore, each part deals with different subjects. While the subdivision control part makes occasional references to the zoning part, they are relatively insignificant; in general, they refer to several definitions found in Part I, presumably to avoid the need for repetition. For these reasons, the various parts of the ordinance are separate and complete within themselves. Therefore, we conclude that the invalidity of the zoning part does not affect the validity of the subdivision control part of the ordinance.

*By the Court.*—Order affirmed in part, reversed in part, and cause remanded with directions. No costs to either party.