David E. Olson, Pamela J. Strittmater, Angela B. Baumgartner, Barbara A. Benson, Brian D. Benson, Lawrence H. Brinkman, Nathan D. Brooks, Marvin L. Clott, Lisa L. Denney, Terry E. Denney, Steven T. Eide, Lawrence R. Hamilton, Charles A. Johnson, Richard T. Jones, Darvin G. Klatt, Bruce E. Nutall, Duane G. Roesler, Katherine R. Roesler, Gerald A. Ruoff, Shirley E. Ruoff, Alan G. Shatzer, Carole R. Strittmater, Thomas J. Sweeney, David W. Wise, Alkar Enterprises, LLC, Andar LLC, Benson Family Trust, Benson Properties 1, LLC, Benson Properties 2, LLC, BF of La Crosse, LP, Pine Street Properties, LLC, RTLJ Enterprises, LLC, Seven Rivers Properties, LLC and Wildwood Investment Property LLC, Plaintiffs-Appellants,

v.

City of La Crosse, Defendant-Respondent.

Court of Appeals

*No. 2015AP127. Submitted on briefs May 15, 2015.
—Decided July 16, 2015.*

2015 WI App 67

(Also reported in 869 N.W.2d 537.)

616

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Bernardo Cueto* of *WISLawyer, LLC*, La Crosse.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Crystal L. Jensen*, Assistant City Attorney for La Crosse.

Before Blanchard, P.J., Lundsten and Higginbotham, JJ.

¶ 1. LUNDSTEN, J. The appellants are landlords in the City of La Crosse. In the circuit court, they challenged a City ordinance requiring that they participate in an inspection and registration program. They sought declaratory and other relief, asserting that the ordinance was preempted by state statute. The circuit court rejected the landlords' challenge on summary judgment, and ordered their action dismissed with prejudice.

¶ 2. The landlords do not challenge all of the circuit court's conclusions. The landlords now narrow their focus to a provision in the ordinance requiring them to notify tenants of City inspections under the City's inspection and registration program. The landlords argue that WIS. STAT. § 66.0104(2)(d)1.a. preempts this notice provision.[1] We agree. However, we also agree with the City that the preempted notice provision is severable. Accordingly, we reverse only the part of the circuit court's order that upholds the notice provision. We remand for the circuit court to grant appropriate relief consistent with our decision.

*Preemption*

■■

¶ 3. Whether a state statute preempts a local ordinance is a question of law for de novo review.

---

[1] All references to the Wisconsin Statutes are to the 2013–14 version.

*Apartment Ass'n of S. Cent. Wis., Inc. v. City of Madison*, 2006 WI App 192, ¶ 12, 296 Wis. 2d 173, 722 N.W.2d 614. So, too, is the interpretation and application of statutes and ordinances when, as here, the facts are undisputed. *See id.* (statutes); *City of Waukesha v. Town Bd. of Waukesha*, 198 Wis. 2d 592, 601, 543 N.W.2d 515 (Ct. App. 1995) (ordinances).

¶ 4. The parties agree on the applicable preemption standards:

> If the State chooses to legislate on a matter that is of statewide concern, then it pre-empts a local ordinance in each of these four situations: (1) the legislature has expressly withdrawn the power of the municipality to act; (2) the ordinance logically conflicts with the state legislation; (3) the ordinance defeats the purpose of state legislation; or (4) the ordinance violates the spirit of the state legislation.

*Apartment Ass'n*, 296 Wis. 2d 173, ¶ 13.

¶ 5. As we understand it, the landlords rely primarily on the first of these four preemption standards. Because we agree that this first standard is met, we need not address any of the other three. *See id.*

¶ 6. The pertinent sections of the City ordinance read as follows:

> (3) The owner [of a rental property] shall arrange for access to the dwelling or dwelling unit and all portions of the property affected by the rental of the dwelling or dwelling unit *and shall notify all tenants of the [City] inspection* in accordance with Wisconsin law and the lease agreement between the owner and the tenant. Failure to provide access to the property and dwelling or dwelling unit on the agreed inspection date

will subject the owner to the fees specified in Section 8.09 of this Code and denial of the registration certificate.

(4) Except as otherwise provided by law . . ., inspections shall not be conducted:

. . . .

(c) *Without prior notice to the tenant by the owner* as required by state law or the lease agreement.

*See* LA CROSSE, WIS., MUNICIPAL CODE, § 8.06(E) (emphasis added).[2]

¶ 7. WISCONSIN STAT. § 66.0104(2)(d)1.a. provides: "No city, village, town, or county may enact an ordinance that requires a landlord to communicate to tenants any information that is not required to be communicated to tenants under federal or state law."[3] Thus, as the landlords argue, the statute expressly withdraws the power of a municipality to require landlords to communicate information to tenants that is not required to be communicated under federal or state law. Further, we discern no reason why requiring landlords to provide tenants with notice of a City inspection would not be a requirement that landlords communicate information to tenants. Thus, the requirement is preempted if there is not some federal or state law that requires landlords to communicate this information.

---

[2] The parties focus on § 8.06(E)(3) of the ordinance, but, as far as we can tell, § 8.06(E)(4)(c) is also implicated. We refer both above and below to these two provisions together as the "notice provision."

[3] The statute contains an exception, not relevant here, for "an ordinance that has a reasonable and clearly defined objective of regulating the manufacture of illegal narcotics." *See* WIS. STAT. § 66.0104(2)(d)1.b.

¶ 8. The City points to two state statutes and an administrative code provision: WIS. STAT. §§ 704.05(2) and 704.07(2), and WIS. ADMIN. CODE § ATCP 134.09(2) (through June 2015). The City argues that these state laws work together to require a landlord to notify a tenant about City inspections. We are not persuaded.

¶ 9. As to WIS. STAT. § 704.05(2) and WIS. ADMIN. CODE § ATCP 134.09(2), our analysis is simple. Those state laws pertain to *landlord* inspections, not *City* inspections. Section 704.05(2) provides: "The *landlord* may upon advance notice and at reasonable times inspect the premises . . . ." (Emphasis added.) Similarly, § ATCP 134.09(2) provides that a "landlord" may enter a dwelling to inspect the premises if the landlord provides advance notice and enters at a reasonable time. *See* § ATCP 134.09(2)(a)1. and 2.

¶ 10. As to WIS. STAT. § 704.07(2), our analysis is a bit more complicated, but we reject the City's reliance on this statute for the reasons we now explain.

¶ 11. The City correctly points out that WIS. STAT. § 704.07(2) requires landlords to "comply with any local housing code applicable to the premises." *See* § 704.07(2)(a)5. And, as far as we can tell, the landlords do not dispute that the City's ordinance is part of a local housing code. Therefore, as the City's argument suggests, § 704.07(2)(a)5. might be read as requiring landlords to comply with the City's notice provision because the City has chosen to include that provision in its housing code. The City's interpretation of the statutes thus sets up a potential conflict between two state statutes: the preemption statute, WIS. STAT. § 66.0104(2)(d)1.a., and the general requirement that landlords comply with local housing codes, § 704.07(2)(a)5.

¶ 12. Faced with a potential conflict, we must try to interpret the two statutes " 'in a manner that harmonizes them in order to give each full force and effect.' " *See Westra v. State Farm Mut. Auto. Ins. Co.*, 2013 WI App 93, ¶ 10, 349 Wis. 2d 409, 835 N.W.2d 280 (quoted source omitted). Here, we conclude that the two statutes can be harmonized. We give each its full force and effect by interpreting them as requiring landlords to "comply with any local housing code," *see* Wis. Stat. § 704.07(2)(a)5., while also prohibiting local governments from including in local housing codes any provision that "requires a landlord to communicate to tenants any information that is not required to be communicated to tenants" under any other federal or state law, *see* Wis. Stat. § 66.0104(2)(d)1.a.

¶ 13. Our interpretation avoids what would otherwise be a conflict between state statutes: one statute that puts limits on what landlords must communicate, Wis. Stat. § 66.0104(2)(d)1.a., and another statute that authorizes municipalities to undo any such limits by including communication requirements in a local housing code, Wis. Stat. § 704.07(2)(a)5. Although we think the situation here presents a clear example of how the City's interpretation leads to a conflict, we provide an additional example. Suppose the City here had included a provision in its housing code requiring landlords to provide pamphlets to tenants *explaining* the substance of the City's inspection and registration program. Suppose further that such a provision would plainly run afoul of § 66.0104(2)(d)1.a., viewed in isolation, because there is no such federal or state requirement. Under the City's interpretation of the statutes, the City would have easily side-stepped the limitation in § 66.0104(2)(d)1.a. simply by incorporating its pamphlet requirement into its housing code.

¶ 14. At the same time, our interpretation has minimal impact, if any, on the requirement in Wis. Stat. § 704.07(2)(a)5. that landlords comply with local housing codes. As far as we can tell, nothing in our interpretation stops local governments from implementing rental housing inspection and registration programs as part of a housing code, let alone precludes other substantive housing code regulations. We simply conclude that the responsibility for communicating to tenants about housing code programs like the City's program must, under Wis. Stat. § 66.0104(2)(d)1.a., fall on the government instead of on landlords.

¶ 15. For the reasons above, we conclude that Wis. Stat. § 66.0104(2)(d)1.a. preempts the notice provision in the City's ordinance. That is, we conclude that § 66.0104(2)(d)1.a. preempts § 8.06(E)(3) and 8.06(E)(4)(c) of the City's ordinance.[4]

*Severability*

¶ 16. We turn to severability. The City argues that, even if the notice provision is preempted, the

---

[4] It is not apparent to us why *all* of § 8.06(E)(3) is necessarily preempted by Wis. Stat. § 66.0104(2)(d)1.a. However, as far as we can tell, the City concedes that, *if* there is preemption, then all of § 8.06(E)(3) is preempted. To repeat, § 8.06(E)(3) provides, in full:

> The owner [of a rental property] shall arrange for access to the dwelling or dwelling unit and all portions of the property affected by the rental of the dwelling or dwelling unit and shall notify all tenants of the [City] inspection in accordance with Wisconsin law and the lease agreement between the owner and the tenant. Failure to provide access to the property and dwelling or dwelling unit on the agreed inspection date will subject the owner to the fees specified in Section 8.09 of this Code and denial of the registration certificate.

circuit court's decision upholding the remainder of the City's inspection and registration program should stand because the notice provision is severable. We agree with the City.

¶ 17. Here, as the City points out, the pertinent enacting ordinance contains a severability clause. That clause expressly directs that, "[i]f any provision of this ordinance, or portion thereof, is adjudged . . . invalid by a court of competent jurisdiction, the remainder of this ordinance shall not be affected thereby." *See* LA CROSSE, WIS., ORDINANCE NO. 4810, § IX.

█

¶ 18. "[W]hile not controlling, the existence of a severability clause is entitled to great weight in determining whether the valid portion of an ordinance can stand separate from the invalid part." *Stahl v. Town of Spider Lake*, 149 Wis. 2d 230, 236, 441 N.W.2d 250 (Ct. App. 1989). Thus, the landlords need to provide some compelling reason why the ordinance's severability clause does not control.

¶ 19. Quoting language in case law, the landlords appear to argue that the ordinance was intended "as a whole"; that the City "would not have enacted the valid part alone"; and that the non-preempted parts of the ordinance are not "capable of being carried out" without the notice provision. *See City of Waukesha*, 198 Wis. 2d at 607.

¶ 20. However, the landlords' sole support for the above argument is their assertion that, under the ordinance, the *only* way a tenant can be informed of a City inspection is by the landlord. Putting aside whether this assertion, if true, could resolve the severability question in the landlords' favor, we reject the assertion. We see no reason why it would be true, and

the landlords do not provide a convincing explanation. On the contrary, the landlords direct our attention to a part of the ordinance that, regardless of the notice provision we have been discussing, appears to require *the City* to provide tenants with 21 days' notice of City inspections under the City's program. That provision states: "The [pertinent City agency] shall provide notice of the time and date of the inspection by first class mail to the address provided in the [landlord's] application [for a registration certificate] at least twenty-one (21) days before the scheduled inspection date." *See* LA CROSSE, WIS., MUNICIPAL CODE, § 8.06(E)(2); *see also id.*, § 8.06(D)(1) (indicating that the "address" in the application is the street address of the dwelling or dwelling unit).

¶ 21. Regardless, even if it were true that the ordinance requires that only landlords provide notice to tenants, it is not apparent why the City could not *choose* to also provide notice to tenants. Accordingly, the landlords fail to persuade us that the notice provision at issue, § 8.06(E)(3) and 8.06(E)(4)(c), cannot be severed.

¶ 22. In sum, for the reasons stated above, we reverse the part of the circuit court's order upholding § 8.06(E)(3) and 8.06(E)(4)(c) of the City's ordinance. We remand for the circuit court to grant appropriate relief consistent with our decision.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions.